IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.

MASK OF KA-NEFER-NEFER,
Defendant-Appellee,

ART MUSEUM SUBDISTRICT OF THE METROPOLITAN ZOOLOGICAL PARK AND
MUSEUM DISTRICT OF THE CITY OF ST. LOUIS AND THE COUNTY OF ST. LOUIS,
Claimant-Appellee.

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

———————————

**BRIEF FOR PLAINTIFF-APPELLANT**

———————————

STUART F. DELERY
  *Acting Assistant Attorney General*

RICHARD CALLAHAN
  *United States Attorney*

MARK B. STERN
SHARON SWINGLE
  *(202) 353-2689*
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7250*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, D.C.  20530*

Appellate Case: 12-2578     Page: 1     Date Filed: 06/25/2013 Entry ID: 4048378

# TABLE OF CONTENTS

Summary of the Case.................................................................1

Statement of Jurisdiction.........................................................2

Statement of the Issue.............................................................2

Statement of the Case .............................................................3

Statement of Facts ..................................................................4

    A.    Statutory Background...................................................4

    B.    Facts and Prior Proceedings........................................6

Summary of Argument ...........................................................18

Standard of Review.................................................................21

Argument ...............................................................................21

    I.    THE DISTRICT COURT ERRED IN ENTERING FINAL
        JUDGMENT WITHOUT ALLOWING LEAVE TO AMEND
        AND IN DENYING THE MOTION FOR LEAVE TO
        AMEND WITHOUT ANY CONSIDERATION OF THE
        ALLEGATIONS IN THE FIRST AMENDED COMPLAINT.....21

    A.    The United States Proffered an Amended Complaint that
        Extensively Addressed the Deficiencies Cited by the District
        Court in Dismissing the Original Complaint..............................21

    B.    The District Court Erred in Dismissing Without Affording
        an Opportunity to Amend. .........................................................27

- i -

C.    The District Court Erred in Denying Leave to Amend Without Addressing the Significantly Expanded Allegations that Addressed the Concerns Identified in its Order of Dismissal..............................................................................29

D.    This Case Meets None of the Circumstances Sufficient to Justify a Denial of Leave to Amend..............................................31

Conclusion...........................................................................................................35

Certificate of Compliance with Federal Rule of Appellate Procedure 32(a)

Certificate of Service

Addendum

Appellate Case: 12-2578    Page: 3    Date Filed: 06/25/2013 Entry ID: 4048378

# TABLE OF AUTHORITIES

*Pages*

<u>Cases</u>

*Crest Construction II, Inc. v. Doe*, 660 F.3d 346 (8th Cir. 2011) .............. 32

*\*Foman v. Davis*, 371 U.S. 178 (1962) ................................... 3, 20, 29, 30, 34

*Foster v. DeLuca*, 545 F.3d 582 (7th Cir. 2008) ......................................... 26

*In re Senior Cottages of Am., LLC*, 482 F.3d 997 (8th Cir. 2007).............. 33

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)........................................... 28

*Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc.*,
　　406 F.3d 1052 (8th Cir. 2005)...................................................... 31, 32

*Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*,
　　559 F.3d 772 (8th Cir. 2009)............................................................. 32

*\*Public Pension Fund Group v. KV Pharmaceutical Co.*, 679 F.3d 972
　　(8th Cir. 2012) ...................................................................... 3, 30, 34

*Roberson v. Hayti Police Dep't*, 241 F.3d 992 (8th Cir. 2001).................... 31

*\*Sanders v. Clemco Industries*, 823 F.2d 214 (8th Cir. 1987).. 21, 30, 31, 34

*St. Louis Fire Fighters Ass'n v. City of St. Louis*, 96 F.3d 323
　　(8th Cir. 1996) ................................................................................. 32

*United States v. $87,060*, 23 F.3d 1352 (8th Cir. 1994).............................. 5

---

\* Authorities chiefly relied upon are marked with an asterisk

Appellate Case: 12-2578　　Page: 4　　Date Filed: 06/25/2013 Entry ID: 4048378

*United States v. Currency, in Amount of $150,660.00*, 980 F.2d
    1200 (8th Cir. 1992) ..................................................... 22, 33

*United States ex rel Roop v. Hypoguard USA, Inc.*, 559 F.3d 818
    (8th Cir. 2009) ........................................................... 6

*United Steelworkers of Am., AFL-CIO v. Mesker Bros. Indus., Inc.*,
    457 F.2d 91 (8th Cir. 1972) ............................................... 30

*Winfrey v. Brewer*, 570 F.2d 761 (8th Cir. 1978) ........................ 27

<u>Federal Statutes and Rules</u>

18 U.S.C. § 545 ........................................................... 17

18 U.S.C. § 983(c)(1) ...................................................... 5
18 U.S.C. § 983(i)(2)(A) ................................................... 5

18 U.S.C. § 2314 .......................................................... 17, 26
18 U.S.C. § 2315 .......................................................... 17, 26

19 U.S.C. § 1595a ........................................ 7, 11, 17, 18, 21, 23, 34
19 U.S.C. § 1595a(c)(1)(A) ................................... 1, 3, 4, 18

19 U.S.C. § 1615 .......................................................... 5

28 U.S.C. § 1331 .......................................................... 2

Fed. R. Civ. P. 12(b) ..................................................... 28
Fed. R. Civ. P. 12(b)(6) .................................................. 3

Fed. R. Civ. P. 15 ....................................................... 27
Fed. R. Civ. P. 15(a) .................................................... 29

_____

\* Authorities chiefly relied upon are marked with an asterisk

- iv -

Fed. R. Civ. P. 15(a)(1) .............................................................. 28

Fed. R. Civ. P. 15(a)(2) ............................................................ 5, 6

Fed. R. Civ. P. Suppl. R. E(2) ................................................... 22

Fed. R. Civ. P. Suppl. R. G(2)(f)............................................... 5, 21

Fed. R. Civ. P. Suppl. R. G(8)(b) ................................................ 3

State and Foreign Law

Egyptian Law No. 215 ........................................................... 17, 25

Egyptian Decree No. 10614 ...................................................... 17

Mo. Rev. Stat. § 570.080 ........................................................... 17

N.Y. Penal Law § 165.52 ........................................................... 17

N.Y. Penal Law § 165.55 ........................................................... 17

Miscellaneous

Fed. R. Civ. P. Suppl. R. G, advisory committee notes,
        2006 Adoption, Subdivision (2) ...................................... 22

_____

\* Authorities chiefly relied upon are marked with an asterisk

- v -

## SUMMARY OF THE CASE

This is an *in rem* civil forfeiture action brought by the United States under 19 U.S.C. §1595a(c)(1)(A) against the Mask of Ka-Nefer-Nefer, an ancient Egyptian antiquity in the possession of the Saint Louis Art Museum. Civil forfeiture is sought on the ground that the Mask was stolen from the Egyptian Government, and imported into the United States contrary to law. The district court dismissed the initial complaint as legally insufficient. The district court denied the United States' repeated requests for leave to file an amended complaint, without evaluating the legal sufficiency of the substantial new allegations in the proffered amended complaint that sought to cure the deficiencies the district court identified in the initial complaint. The United States respectfully requests 15 minutes of oral argument to set forth its position that the district court abused its discretion in denying the government leave to file a first amended complaint, and to answer any questions that the Court may have.

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this civil forfeiture action under 28 U.S.C. § 1331. The district court dismissed the action in an order dated March 31, 2012, and entered on the docket on April 2, 2012. Order, Dkt. 33. The district court denied leave to amend on June 28, 2012. Order 2, Dkt. 54. On June 1, 2012, the district court extended the time to appeal to July 1, 2012. Order 2, Dkt. 48. On June 29, 2012, the United States filed a timely notice of appeal from the March 31, 2012 dismissal order and the June 28, 2012 order denying leave to file an amended complaint. Notice of Appeal, Dkt. 55. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether the district court abused its discretion in denying the United States leave to file a first amended complaint containing significant new factual allegations, without evaluating the sufficiency of the allegations or indicating any reason for denying the request beyond the legal insufficiency of the initial complaint.

2

Authorities:  *Foman v. Davis,* 371 U.S. 178 (1962); *Public Pension Fund Group v. KV Pharmaceutical Co.,* 679 F.3d 972 (8th Cir. 2012); *Sanders v. Clemco Industries,* 823 F.2d 214 (8th Cir. 1987).

## STATEMENT OF THE CASE

The United States brought this *in rem* civil forfeiture action against an Egyptian antiquity known as the "Mask of Ka-Nefer-Nefer," which is currently in the possession of the Saint Louis Art Museum.  The United States alleged that the Mask was stolen from the government of Egypt and imported into the United States contrary to law, and that it was therefore subject to forfeiture under 19 U.S.C. § 1595a(c)(1)(A).  The St. Louis Art Museum intervened to protect its interest in the Mask, and sought dismissal of the action under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure Supplemental Rule G(8)(b).  The district court dismissed the complaint for failure to state a claim, in an order that did not state whether dismissal was with or without prejudice.

In a series of motions, the government sought reconsideration and asked the district court to clarify whether the court had dismissed its

complaint with prejudice.  The government also sought leave to file an amended complaint before entry of judgment.  The court denied the motions for reconsideration but did not clarify the nature of its order or act on the request for leave to file an amended complaint.

The United States then moved for leave to file an amended complaint that addressed the deficiencies the district court had cited in the initial complaint.  The district court denied the motion without addressing the new allegations, stating only that it denied the motion "[f]or the reasons outlined in" its previous orders.  The United States appeals from the orders dismissing the case and denying leave to file a first amended complaint.

## STATEMENT OF FACTS

A.  STATUTORY BACKGROUND.

**1.**  The government filed this action under 19 U.S.C. § 1595a, which provides in relevant part:

(c) **Merchandise introduced contrary to law**
Merchandise which is introduced or attempted to be introduced into the United States contrary to law shall be treated as follows:

(1) The merchandise shall be seized and forfeited if it−

4

> (A) is stolen, smuggled, or clandestinely imported
> or introduced[.]

In a civil forfeiture action, the complaint must allege sufficient facts "to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Suppl. G(2)(f). The government's burden at trial is to establish probable cause for civil forfeiture; once the government makes that showing, the burden shifts to a claimant to demonstrate an ownership interest by preponderance of the evidence. *See* 19 U.S.C. § 1615; *United States v. $87,060*, 23 F.3d 1352, 1354 (8th Cir. 1994).[1]

**2.** The government requested leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2), which provides:

> **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

---

[1] Although Congress has enacted legislation changing this burden of proof in forfeiture actions for civil forfeitures subject to the Civil Forfeiture Reform Act of 2000, *see* 18 U.S.C. § 983(c)(1), that change does not apply to actions brought under Title 19, *see id.* § 983(i)(2)(A).

Appellate Case: 12-2578     Page: 11     Date Filed: 06/25/2013 Entry ID: 4048378

This requirement that courts "freely give leave when justice so requires" has been interpreted liberally in service of the federal policy favoring resolution of claims on their merits. See *United States ex rel Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009) (in deciding whether to grant leave to amend, a district court may not "ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits.").

## B.   FACTS AND PRIOR PROCEEDINGS.

**1.**  The United States brought this *in rem* forfeiture action against the Mask of Ka-Nefer-Nefer in March 2011.  The initial complaint alleged that the Mask is "subject to forfeiture because the circumstances indicate it was stolen property at the time it was imported into the United States." Complaint 2, Dkt. 1, Joint Appendix (JA) 11.

The complaint detailed the circumstances of the Mask's excavation in 1952 by an archeologist working for the Egyptian Antiquities Service and its storage at Saqqara, Egypt, where the Mask was registered as the property of the Egyptian Antiquities Service.  Complaint 2, Dkt. 1, JA 11.

6

The Mask was transferred to the Egyptian Museum in Cairo, Egypt, on July 28, 1959, and remained in Cairo until 1962, when it was returned to Saqqara, Egypt.  Complaint 2-3, Dkt. 1, JA 11-12.  In 1966, the Egyptian government moved the Mask to the Egyptian Antiquities Organization Restoration Lab in Cairo, where it was placed in Box 54.  Complaint 3, Dkt. 1, JA 12.  When the Egyptian Museum inventoried Box 54 in 1973, it discovered that the Mask was missing.  Complaint 3, Dkt. 1, JA 12.  There was no record that the Mask was sold or given to a private party between 1966 and 1973.  Complaint 3, Dkt. 1, JA 12.

The Egyptian Supreme Council of Antiquities subsequently became aware in approximately 2006 that the Saint Louis Art Museum had purchased the Mask in 1998.  Complaint 3, Dkt. 1, JA 12.  Although the Egyptian Supreme Council of Antiquities sent letters and documentation to the Museum detailing the history of the Mask and requesting its return, the Museum refused to return the Mask.  Complaint 3, Dkt. 1, JA 12.

The complaint alleged that "[b]ecause the Mask was stolen, it could not have been lawfully exported from Egypt or lawfully imported into the

7

United States," and therefore was subject to forfeiture under 19 U.S.C. § 1595a. Complaint 4, Dkt. 1, JA 13.

**2.** The Saint Louis Art Museum filed a verified claim to the Mask, in which the Museum explained that it had purchased the Mask in 1998 from a Swiss dealer, Phoenix Ancient Art, S.A. Verified Claim, 2, JA 19. The Museum subsequently moved to dismiss the civil forfeiture complaint. Motion to Dismiss, Dkt. 11, JA 30.

The district court issued an order on March 31, 2012, dismissing the forfeiture complaint. Order, Dkt. 33, JA 74. In the accompanying opinion, the district court declared that the United States had failed to plead "a factual statement of theft, smuggling, or clandestine importation." Opinion 6, Dkt. 34, JA 80. The district court reasoned that the government's allegations that the Mask was discovered to be missing in Egypt in 1973 and that the register did not document that the Mask had been sold or given to a private party during this time did not "show[] that the Mask was 'missing' **because it was stolen and then smuggled out of the country**." Opinion 6, Dkt. 34, JA 80 (emphasis in original). The court reasoned that

8

"[t]he closest the Government comes to any type of allegation of theft or smuggling" is in alleging that the Saint Louis Art Museum acquired the Mask and, after being contacted by the Egyptian Government, refused to return it. Opinion 6, Dkt. 34, JA 80. The district court held that the government's legal conclusion that the Mask must have been unlawfully exported or imported "misses a number of factual and logical steps," including

> (1) an assertion that the Mask was actually stolen; (2) factual circumstances relating to when the Government believes the Mask was stolen and why; (3) facts relating to the location from which the Mask was stolen; (4) facts regarding who the Government believes stole the Mask; and (5) a statement or identification of the law which the Government believes applies under which the Mask would be considered stolen and/or illegally exported.

Memorandum Opinion 7, Dkt. 34. JA 81. Concluding that the civil forfeiture complaint failed to assert specific facts supporting an inference that the Mask is subject to forfeiture, the district court granted the Museum's motion to dismiss the verified complaint. Memorandum Opinion 8-9, Dkt. 34, JA 82-83; Order, Dkt. 33, JA 74. Neither the order nor

Appellate Case: 12-2578    Page: 15    Date Filed: 06/25/2013 Entry ID: 4048378

the accompanying memorandum opinion indicated whether dismissal was with or without prejudice.

**4.** One week later, the United States filed the first of several motions requesting clarification of the order and seeking leave to file an amended complaint. *See* Motion for Enlargement of Time to File Motion for Reconsideration 1, Dkt. 35, JA 84. The motion noted that the district court's dismissal order did not indicate that it was with prejudice, and that district courts "routinely do not terminate a case at the same time that they grant a motion to dismiss" but instead permit "the plaintiff at least one opportunity to amend his complaint." Motion 2, Dkt. 35, JA 85. The government asked the district court to withhold judgment to permit the government to seek reconsideration or to seek leave to file an amended complaint. Motion 3, Dkt. 35, JA 85-86. The district court subsequently issued a minute order granting the government "until 5-7-12 to file what it suggests is a motion to reconsider." 4/10/12 Order, Dkt. 36, JA 88.

The government then filed a motion to reconsider, in which the government asked the district court to reconsider its dismissal order and

10

asked in the alternative that the government be permitted "to move for leave to file an amended complaint that may address any shortcomings the Court finds in the Verified Complaint." Motion for Reconsideration 2-3, Dkt. 37, JA 91-92. In the government's accompanying memorandum, the government again emphasized that the district court's dismissal order had not indicated whether it was with prejudice and that district courts do not generally dismiss with prejudice but instead "give the plaintiff at least one opportunity to amend its complaint." Memorandum 2-3, 11, Dkt. 38, JA 95-97. The government also noted that an "amended complaint could allege numerous alternative bases to believe that the Mask's importation was 'contrary to law' under Title 19, United States Code, Section 1595a," and detailed the types of additional allegations that could be added. Memorandum 2-3, 12, Dkt. 38, JA 95-96, 98; *see also* Reply in Support of Motion for Reconsideration 1, 5-7, Dkt. 42, JA 109-11. In addition, and in light of its uncertainty regarding the nature of the district court's dismissal order, the government moved for an extension of time to file an appeal

11

from the March 31, 2012 dismissal order in the event that the district court deemed it to have been with prejudice. *See* Motion 2-3, Dkt. 44, JA 112-13.

On June 1, 2012, the district court issued an order denying reconsideration and granting an extension of time to appeal. Order, Dkt. 48, JA 116-18. The district court's order summarily rejected the government's arguments in support of reconsideration of the dismissal order. Order 2-3, Dkt. 48, JA 117-18. Although the district court's order also denied the government's motion for clarification, the order did not address the nature of its previous dismissal order, nor did it address the government's requests for leave to file an amended complaint. Order 3, Dkt. 48, JA 118.

5. On June 8, 2012, in the absence of guidance from the court, the United States filed a Motion for Leave to File Amended Complaint together with a First Amended Verified Complaint for Forfeiture. *See* Motion of the United States for Leave to File First Amended Verified Complaint for Forfeiture, Dkt. 49, JA 120-49. The amended complaint addressed the inadequacies in the initial complaint identified by the district court in its

12

dismissal order, alleging additional facts to demonstrate that the Mask could not have come into possession of the Museum in accordance with Egyptian and United States law.

The amended complaint clarified that between 1966, when the Mask was last confirmed to be in Egyptian custody, and 1973, when it was discovered missing, the government of Egypt had not sold or given away the Mask, nor had it authorized "any person to remove the Mask" from the location where it previously had been stored. First Amended Verified Complaint 3-5, Dkt. 49-1, JA 126-28. The amended complaint alleged that an Egyptian Law enacted in 1951, the year before the Mask was excavated, made any "antiquity" discovered after 1951 the property of the Egyptian government and not subject to private ownership. First Amended Verified Complaint 5, Dkt. 49-1, JA 128. The amended complaint explained that the Mask was such an antiquity, and alleged with specificity why it did not come within any of the exceptions to the Egyptian patrimony law that would permit private ownership. First Amended Verified Complaint 5-6, Dkt. 49-1, JA 128-29. The amended complaint alleged that, under Egyptian

13

law, antiquities such as the Mask could not be exported from Egypt without a license from the Egyptian government, and that Egyptian law also imposed additional conditions for the export of "antiquities," including an official application by the exporter. First Amended Verified Complaint 6, Dkt. 49-1, JA 129. The amended complaint alleged that there were no records "indicating that the Mask was ever lawfully exported from Egypt, that application was ever made for its export, or that a permit was ever issued to authorize its export." First Amended Verified Complaint 6, Dkt. 49-1, JA 129. The amended complaint alleged that, under Egyptian law, it is a criminal offense to steal an antiquity from a museum, warehouse, or state building, or to appropriate an antiquity without a license from the Egyptian government. First Amended Verified Complaint 6, Dkt. 49-1, JA 129.

The amended complaint also alleged that the Mask was sold to the Saint Louis Art Museum in 1998 by Phoenix Ancient Art, S.A. First Amended Verified Complaint 6, Dkt. 49-1, JA 129. The amended complaint alleged that Phoenix Ancient Art, S.A., was operated by Ali and Hicham

Aboutaam. First Amended Verified Complaint 7, Dkt. 49-1. The amended complaint alleges that Ali Aboutaam was convicted *in absentia* in Egypt in 2004 for smuggling artifacts out of that country. First Amended Verified Complaint 7, Dkt. 49-1, JA 130. The amended complaint alleges that Hicham Aboutaam was convicted in 2004 of smuggling an Egyptian artifact into the United States. First Amended Verified Complaint 7, Dkt. 49-1, JA 130. The amended complaint alleges that, at the time the Aboutaams imported the Mask into the United States, they were aware of the provisions of Egyptian law making any artifact excavated after 1951 the property of the Egyptian Government and requiring a license for the export of any such item. First Amended Verified Complaint 7-8, Dkt. 49-1, JA 130-31. The Aboutaams were alleged to have known, or to have been willfully blind to, the facts that the Egyptian Government was the true owner of the Mask, and that the Mask had been stolen from the Egyptian Government and illegally exported from that country without the necessary licenses. First Amended Verified Complaint 8, Dkt. 49-1, JA 131.

Appellate Case: 12-2578     Page: 21     Date Filed: 06/25/2013 Entry ID: 4048378

The Aboutaams allegedly falsified the provenance of the Mask that was provided to the Museum, and the Museum in turn allegedly failed to contact the prior purported owners of the Mask to confirm their ownership and sale. First Amended Verified Complaint 8, Dkt. 49-1, JA 131. The amended complaint alleged that, if the Museum had "merely contacted the Supreme Council of Antiquities of the Republic of Egypt and requested information relating to the provenance of the Mask, it would have known that the provenance provided by Phoenix was plainly contradicted by Egypt's records with respect to the origin and disposition of the Mask." First Amended Verified Complaint 8, Dkt. 49-1, JA 131. For example, the provenance falsified by the Aboutaams allegedly stated that the Mask was in the hands of a Belgian dealer by 1953 and was sold to a Swiss collector named Zuzi Jelinek in the 1960s. First Amended Verified Complaint 8, Dkt. 49-1, JA 131. The records of the Egyptian Antiquities Service, in contrast, showed that the Mask was in the ownership and possession of the Egyptian Government until at least 1966, and that there was no record of the Mask's sale or transfer from the Egyptian Government between 1966

16

and 1973, the year the Mask was discovered to be missing. First Amended Verified Complaint 3-4, Dkt. 49-1, JA 126-27. The amended complaint alleged that, at the time the Museum imported the Mask into the United States, it either knew or was willfully blind to the facts that the Mask had been stolen from Egypt and exported from that country in violation of law. First Amended Verified Complaint 10-11, Dkt. 49-1, JA 133-34.

The amended complaint also responded to the district court's concern that the initial complaint did not identify the law or laws under which the Mask was considered to be stolen and/or illegally exported. The amended complaint enumerated eight independent sources of law under which the Mask's importation would be "contrary to law" under 19 U.S.C. § 1595a. These included three federal statutes (18 U.S.C. § 545; 18 U.S.C. § 2314; and 18 U.S.C. § 2315); two sources of Egyptian law (Law No. 215 and Decree No. 10614); and provisions of Missouri and New York law (Mo. Rev. Stat. § 570.080 and N.Y. Penal Law §§ 165.52 and 165.55). First Amended Verified Complaint 13-14, Dkt. 49-1, JA 136-37.

17

**6.** On June 28, 2012, the district court denied the United States'

Motion for Leave to File First Amended Verified Complaint. Order, Dkt.

54, JA 161-62. The court did not address the allegations of the amended

complaint and stated only that it was denying the motion "[f]or the reasons

outlined in" its previous orders. Order 2, Dkt. 54, JA 162.

## SUMMARY OF ARGUMENT

The United States brought this *in rem* forfeiture against the Mask of

Ka-Nefer-Nefer, an Egyptian antiquity, alleging that it had been unlawfully

removed from Egypt and brought into the United States contrary to law,

and, as a result, was subject to civil seizure and forfeiture under 19 U.S.C.

§ 1595a(c)(1)(A). The initial complaint explained the circumstances of the

artifact's discovery, its subsequent possession by the Egyptian government,

and the absence of any record indicating that the government of Egypt had

sold or transferred the Mask to a private party.

The district court dismissed for failure to state a claim. The court

declared that the complaint did not adequately describe facts indicating

that the Mask was stolen or unlawfully exported or imported. The district

18

court further held that the complaint was deficient because it did not allege that the importation of the Mask into the United States was "contrary to law" within the meaning of 19 U.S.C. § 1595a.

A dismissal for want of adequate allegations is generally without prejudice, and a party is customarily permitted to amend its complaint at least once to cure deficiencies. Shortly after the court dismissed the initial complaint, the United States moved to clarify the nature of the dismissal and indicated that it would file an amended complaint if the district court denied its motion for reconsideration.

Despite repeated motions, the district court did not clarify the nature of its dismissal or indicate whether it would accept a motion to amend. The United States nevertheless filed a First Amended Complaint with extensive new allegations directed to the flaws perceived by the district court in the original complaint. The Amended Complaint alleged, among other things, that the Egyptian government had at no point authorized the transfer of the Mask to a private party; that transfer out of Egypt without a license violated Egyptian law; and that the Saint Louis Art Museum had

19

purchased the Mask from persons later convicted for smuggling Egyptian antiquities. The Amended Complaint also alleged that the Mask had been imported into the United States in violation of the National Stolen Property Act and other provisions of federal, state, and Egyptian law.

The court denied the motion to file the amended complaint out of hand without addressing any of its new allegations. The court stated only that it was denying the motion "[f]or the reasons outlined in" its previous orders. Order 2, Dkt. 54, JA 162.

The court's orders constitute a clear abuse of discretion. The district court cited no basis for departing from the principle that a party should be given at least one opportunity to amend a complaint whose allegations have been found deficient. Even following dismissal, leave to amend should be freely given, and "an outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The First Amended Complaint specifically addressed the deficiencies cited by

20

the district court in the original complaint, and the court abused its discretion in summarily rejecting the filing without considering its allegations.

## STANDARD OF REVIEW

The district court's denial of the government's leave to file a first amended complaint is reviewed for abuse of discretion. *See Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987).

## ARGUMENT

**I. THE DISTRICT COURT ERRED IN ENTERING FINAL JUDGMENT WITHOUT ALLOWING LEAVE TO AMEND AND IN DENYING THE MOTION FOR LEAVE TO AMEND WITHOUT ANY CONSIDERATION OF THE ALLEGATIONS IN THE FIRST AMENDED COMPLAINT.**

**A. The United States Proffered an Amended Complaint that Extensively Addressed the Deficiencies Cited by the District Court in Dismissing the Original Complaint.**

**1.** A complaint for forfeiture *in rem* under 19 U.S.C. § 1595a must state facts sufficient "to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Suppl. G(2)(f). The government is not required "to meet, at the pleading stage, its ultimate trial burden of showing probable cause for forfeiture," but only to

21

establish "a reasonable belief that the government can show probable cause for forfeiture at trial." *United States v. Currency, in Amount of $150,660.00,* 980 F.2d 1200, 1204-05 (8th Cir. 1992) (interpreting Supplemental Rule E(2)[2]).

In instituting this *in rem* forfeiture action against the Mask of Ka-Nefer-Nefer, the United States cited allegations showing that the Mask was discovered in 1952 and remained in the possession of the government of Egypt until at least 1966, when the government of Egypt transferred the Mask to the Egyptian Antiquities Organization Restoration Lab in Cairo. Complaint 2-3, Dkt. 1, JA 11-12. A 1973 inventory determined that the Mask was missing, and there is no record that the Mask was sold or transferred to a private party at any time. Complaint 3, Dkt. 1, JA 12. The complaint alleged that "[b]ecause the Mask was stolen, it could not have been lawfully exported from Egypt or lawfully imported into the United

---

[2] Although the pleading standard for forfeiture actions was previously governed by Supplemental Rule E(2), it is now set forth in Supplemental Rule G, adopted in 2006, which effectively codifies judicial interpretation of Supplemental Rule E(2). See Fed. R. Civ. P. Suppl. R. G, advisory committee notes, 2006 Adoption, Subdivision (2).

Appellate Case: 12-2578     Page: 28     Date Filed: 06/25/2013 Entry ID: 4048378

States," and therefore was subject to forfeiture under 19 U.S.C. § 1595a. Complaint 4, Dkt. 1, JA 13.

**2.** The district court found this pleading to be inadequate for two primary reasons. First, in the court's view, these allegations did not support the inference that the Mask had been stolen or unlawfully removed from Egypt. Memorandum Opinion 5-7, Dkt. 34, JA 79-81. Second, the court believed that it was incumbent on the government to allege not only that the property was stolen but that its importation into the United States violated a specific provision of law, and that the complaint failed to allege such a violation. Memorandum Opinion 5-6, 8, Dkt. 34, JA 79-80, 82.

These are the type of pleading deficiencies that a party may address by means of an amended complaint, and the court's March 31, 2012 order dismissing the complaint offered no reason to conclude otherwise.

The United States promptly filed a motion seeking an extension of time to move for reconsideration or to file an amended complaint, and requested clarification that the dismissal order was without prejudice to

23

file an amended complaint. Motion 2-3, Dkt. 35, JA 85-86. Although the court granted the motion for an enlargement on April 9, 2012, it did not clarify the nature of its dismissal order. Order, Dkt. 36, JA 88. The government's subsequent motion for reconsideration, filed within the time provided by the district court, again requested clarification of the nature of the dismissal and sought leave to file an amended complaint. Motion for Reconsideration, Dkt. 37, JA 90-92. When the district court denied the United States' motions for reconsideration and for clarification on June 1, 2012, the court did not address the request for leave to file an amended complaint and simply declared that "[t]he analysis * * * employed * * * in [the district court's] March 31, 2012 ruling is the same analysis other courts have applied to facts similar to those presented here." Order 2, Dkt. 48, JA 117. Inasmuch as the March 31, 2012 ruling cited no decisions addressing facts similar to those presented here, the order provided no guidance whatsoever.

**3.** Against this background, the United States moved for leave to file an amended complaint, and attached the proffered amended complaint.

Motion of the United States for Leave to File First Amended Verified Complaint, Dkt. 49, JA 120-22; First Amended Verified Complaint for Forfeiture, Dkt. 49-1, JA 124-37.  The allegations of the amended complaint responded to the concerns voiced by the district court with respect to the initial complaint.  The amended complaint stated that the government of Egypt had authorized no person to remove the Mask from the Egyptian Antiquities Restoration Lab in Cairo, and noted that, under Egyptian Law No. 215, any artifact discovered after 1951 is the property of the Egyptian government and not subject to private ownership.  First Amended Verified Complaint for Forfeiture 4-5, Dkt. 49-1, JA 127-28.  The amended complaint noted that Law No. 215 makes it a criminal offense to "appropriate" antiquities without "a license from the Egyptian government," and that the Egyptian records do not indicate that any license was issued for the Mask. First Amended Verified Complaint for Forfeiture 6, Dkt. 49-1, JA 129.  The amended complaint also alleged that the dealers from whom the Museum obtained the Mask – Ali Aboutaam and Hicham Aboutaam – have been convicted of smuggling Egyptian antiquities out of Egypt and into the

25

United States.  First Amended Verified Complaint for Forfeiture 7, Dkt. 49-1, JA 130.

The government had argued, in its reconsideration motion, that it was sufficient to allege that a stolen item had been imported into the United States, and that it was not necessary to allege that the importation violated other provisions of United States law.  The amended complaint nevertheless cured the deficiency cited by the district court by alleging that the Mask's importation violated the National Stolen Property Act (NSPA), 18 U.S.C. §§ 2314, 2315, as well as other provisions of federal, state, and Egyptian law.  First Amended Verified Complaint for Forfeiture 13-14, Dkt. 49-1, JA 136-37.

The district court denied the motion to file an amended complaint without addressing any of these allegations and without explaining why they failed to satisfy the deficiencies identified in the court's March 31 dismissal order.   The district court stated only that it was denying the motion "[f]or the reasons outlined in" its previous orders.  Order 2, Dkt. 54, JA 162.

Appellate Case: 12-2578     Page: 32     Date Filed: 06/25/2013 Entry ID: 4048378

**B.** **THE DISTRICT COURT ERRED IN DISMISSING WITHOUT AFFORDING AN OPPORTUNITY TO AMEND.**

The district court's rulings, separately and collectively, constitute a clear abuse of discretion.

Insofar as the court regarded its March 31, 2012 order as a dismissal with prejudice, it plainly abused its discretion in dismissing without affording the government an opportunity to amend its complaint. The government repeatedly asked the district court to clarify the nature of its March 31 order and advised the court of its intent to file an amended complaint if the court did not reconsider its ruling. "[A]n order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (quotation marks and citation omitted); *see also Winfrey v. Brewer*, 570 F.2d 761, 764 n. 4 (8th Cir. 1978) (explaining that a motion to dismiss is not a responsive pleading for the purposes of Rule 15, and that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served.").

27

It is not absolutely required that leave be granted if a motion to amend is not filed within 21 days of a Rule 12(b) motion to dismiss. Fed. R. Civ. P. 15(a)(1). In general, however, district courts dismiss an initial complaint without prejudice and allow leave to amend at least once. As the en banc Ninth Circuit observed in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000), "in a line of cases stretching back nearly 50 years, we have held that in dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1127 (internal quotation marks and citation omitted).

No circumstance exists in this case that would warrant a departure from this principle, and the district court identified none. The court cited pleading deficiencies, and the government should have been given at least one opportunity to correct those asserted shortcomings prior to entry of final judgment.

Appellate Case: 12-2578    Page: 34    Date Filed: 06/25/2013 Entry ID: 4048378

## C. THE DISTRICT COURT ERRED IN DENYING LEAVE TO AMEND WITHOUT ADDRESSING THE SIGNIFICANTLY EXPANDED ALLEGATIONS THAT ADDRESSED THE CONCERNS IDENTIFIED IN ITS ORDER OF DISMISSAL.

Even assuming that the district did not abuse its discretion by abrogating the government's ability to file a first amended complaint prior to entry of final judgment, its denial of the motion to amend without explanation constituted a clear abuse of discretion. Although the right to amend under Rule 15(a) terminates with dismissal, the Supreme Court and this Court have admonished that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)). Although "the grant or denial of an opportunity to amend is within the discretion of the District Court," a district court's "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely

29

abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Ibid.*; *see United Steelworkers of Am., AFL-CIO v. Mesker Bros. Indus., Inc.*, 457 F.2d 91, 93-94 (8th Cir. 1972) (same); *Public Pension Fund Grp. v. KV Pharm. Co.*, 679 F.3d 972, 989 (8th Cir. 2012) (same).

This Court has repeatedly held that an order denying leave to amend that fails to cite one of the *Foman* justifications constitutes an abuse of discretion. Applying this principle in *Public Pension Fund Group v. KV Pharmaceutical Co.*, 679 F.3d 972 (8th Cir. 2012), this Court found that the district court had abused its discretion in denying a post-judgment motion to file an amended complaint with new, relevant allegations. *Id.* at 989-90. This Court reasoned that the district court erroneously failed to address the issue of the sufficiency of new allegations in the amended complaint before denying the motion to amend. *See ibid.* Similarly, in *Sanders,* 823 F.2d 214, this Court held that the district court's refusal to permit leave to file an amended complaint without explanation constituted an abuse of discretion. *Id.* at 216-17. This Court explained that "only limited circumstances justify a district court's refusal to grant leave to amend

30

pleadings: undue delay, bad faith on the part of the moving party, futility

of the amendment or unfair prejudice to the opposing party." *Ibid.*; *see also*

*Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (holding that

the district court abused its discretion in denying leave to amend without

determining whether the case came within the "limited circumstances" in

which denial is appropriate).

In the instant case, the district court's only justification for its denial

was "the reasons outlined in" its previous orders.  Order 2, Dkt. 54, JA 162.

None of those previous orders provides any basis for the denial of leave to

amend, and the district court plainly abused its discretion in refusing to

permit the government to file the amended complaint.

## D.   THIS CASE MEETS NONE OF THE CIRCUMSTANCES SUFFICIENT TO JUSTIFY A DENIAL OF LEAVE TO AMEND.

**1.** The instances in which this Court has sustained a denial of leave to

amend because of delay or prejudicial effect underscore the extent to which

the district court in this case departed from governing principles.  In

*Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc.*, 406 F.3d

1052, 1066 (8th Cir. 2005), for example, the district court had twice granted

31

leave to amend and found that permitting a third amended complaint to add new defendants would cause undue delay and prejudice given that "numerous motions to dismiss ha[d] already been briefed and ruled, and discovery in [the] matter [was] now well underway."  Similarly, in *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011), the plaintiffs had never moved to amend their complaint although the district court had granted three extensions of time to do so, and then warned that "absent extraordinary circumstances no further amendments or extensions would be granted"; the plaintiffs delayed an additional five months before moving to amend; and the "additional factual allegation * * * did not cure the previously discussed fatal flaws."  *See also St. Louis Fire Fighters Ass'n v. City of St. Louis*, 96 F.3d 323, 330 (8th Cir. 1996) (district court had granted leave to amend twice previously and plaintiffs sought leave to amend a third time only after their complaint had been dismissed as moot); *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (plaintiff had not "indicated how it would make the compliant viable,

32

either by submitting a proposed amendment or indicating somewhere in its court filings what an amended complaint would have contained").

**2.** The district court did not and could not seek to justify its denial of the motion to amend on the ground that permitting the filing would be futile. To find futility, a district court must conduct sufficient analysis to reach "a legal conclusion that the amended complaint could not withstand a Rule 12 motion." *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007).

The court's order reflects no such analysis. On the contrary, the court stated only that it was denying the motion "[f]or the reasons outlined in" its previous orders. Order 2, Dkt. 54, JA 162. It was incumbent on the court to explain why the new factual allegations – which it did not discuss – failed to "establish a reasonable belief that the government can show probable cause for forfeiture at trial." *Currency, in Amount of $150,660.00*, 980 F.2d at 1205-06.

Similarly, the court did not address the allegations of the amended complaint that the importation of the Mask violated the National Stolen

Appellate Case: 12-2578    Page: 39    Date Filed: 06/25/2013 Entry ID: 4048378

Property Act and other provisions of federal, state, and Egyptian law −

allegations that should have satisfied the court's concern that the original

complaint did not adequately allege that the Mask had been imported

"contrary to law" within the meaning of 19 U.S.C. § 1595a.  The district

court's "outright refusal to grant * * * leave without any justifying reason"

clearly constituted an abuse of discretion.  *Foman,* 371 U.S. at 182; *see also*

*Public Pension Fund Grp.*, 679 F.3d at 989 (abuse of discretion where the

district court did not "address the issue" of adequacy of new allegations

before denying the motion to amend); *Sanders*, 823 F.2d at 216-17.

Appellate Case: 12-2578     Page: 40     Date Filed: 06/25/2013 Entry ID: 4048378

## CONCLUSION

For the foregoing reasons, the case should be remanded with

instructions to permit the filing of the government's amended complaint.

Respectfully submitted,

STUART F. DELERY
*Acting Assistant Attorney General*

RICHARD CALLAHAN
*United States Attorney*

MARK B. STERN

 /s/ Sharon Swingle
SHARON SWINGLE
*(202) 353-2689*
*Attorneys, Appellate Staff*
*Civil Division, Room 7250*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W.*
*Washington, D.C.  20530*

JUNE 2013

35

## CERTIFICATE OF COMPLIANCE WITH
## FEDERAL RULE OF APPELLATE PROCEDURE 32(A)

I hereby certify that this brief complies with the requirements of Fed.

R. App. P. 32(a)(5) and (6) because it has been preprepared in 14-point

Palatino Linotype, a proportionally spaced font.

I further certify that this brief complies with the type-volume

limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6,381words,

excluding the parts of the brief exempted under Rule 32(a)(7)(B)(iii),

according to the count of Microsoft Word.

  /s/ Sharon Swingle
SHARON SWINGLE

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2013, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

The brief and addendum have been scanned for viruses and are virus-free.

/s/ Sharon Swingle
SHARON SWINGLE