No. 12-2578

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
     Plaintiff-Appellant,

v.

MASK OF KA-NEFER-NEFER,
     Defendant-Appellee,

ART MUSEUM SUBDISTRICT OF THE METROPOLITAN ZOOLOGICAL PARK AND
MUSEUM DISTRICT OF THE CITY OF ST. LOUIS AND THE COUNTY OF ST. LOUIS,
     Claimant-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

**APPELLANT'S ADDENDUM**

STUART F. DELERY
  *Acting Assistant Attorney General*

RICHARD CALLAHAN
  *United States Attorney*

MARK B. STERN
SHARON SWINGLE
  *(202) 353-2689*
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7250*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, D.C.  20530*

# INDEX

*Page*

District court 3/31/12 order of dismissal, Dkt. 33 ..........................................................1A

District court 3/31/12 memorandum opinion, Dkt. 34 .................................................2A

District court 6/1/12 memorandum opinion and order denying
    reconsideration, Dkt. 48 ........................................................................................11A

District court 6/28/12 memorandum opinion and order denying government's
    motion for leave to file first amended complaint, Dkt. 54 ................................15A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV504 HEA |
| ) | |
| MASK OF KA-NEFER-NEFER, ) | |
| ) | |
| Defendant. ) | |

### ORDER OF DISMISSAL

In accordance with the Memorandum and Order entered this same date,

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED**.

Dated this 31st day of March, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV504 HEA |
| ) | |
| MASK OF KA-NEFER-NEFER, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

The United States of America ("the Government") brings this action pursuant to 19 U.S.C. § 1595a, seeking forfeiture of all right, title, and interest in an Egyptian artifact known as the Mask of Ka-Nefer-Nefer ("the Mask"), currently located in Gallery 130 of the St. Louis Art Museum ("the Museum"), the only claimant in this action. The Museum has filed a motion to dismiss the Government's civil forfeiture complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules"). For the reasons set forth below, claimant's motion will be granted.

**Background**

In its verified complaint, the Government boldly states that it seeks the forfeiture of all rights, title and interest in a 3,200 year old Egyptian Mask because

"the circumstances" indicate it was stolen property at the time it was imported into the United States. To support its legal conclusion that the Mask was stolen, the Government alleges that the Mask was excavated at Saqqara, Eqypt, in 1952, placed in storage in Saqqara following its excavation where it remained until 1959, and then was "packed for shipping" to Cairo, Egypt, in preparation for an exhibit in Tokyo, Japan. The complaint further states that the Mask was "received by police guards" in Cairo in July of 1959, but instead of traveling to Tokyo, it remained in Cairo until 1962 when it was transferred back to Saqqara.

The verified complaint further states that the Mask was removed from Saqqara in 1966 and "traveled" to Cairo in "box number fifty-four," the "last documented location of the Mask in Egypt." The complaint then goes on to state that in 1973, an inventory was taken of box number fifty-four, whereupon it was discovered the Mask was "missing." The complaint states, "The register did not document that the Mask was sold or given to a private party during the time frame of 1966 to 1973."

Claimant, the Museum, asserts that the Government's verified complaint is subject to dismissal because it fails to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) and Federal Rule of Civil Procedure Supplemental Rule G(8)(b). Claimant additionally argues that the complaint is time-barred by the applicable statute of limitations and the equitable doctrine of laches. The Government opposes claimant's arguments for dismissal.

## Legal Standard

Pleading requirements in a civil forfeiture action are governed by the Supplemental Rules. Supplemental Rule E(2)(a) requires that the Government set forth its claims in the complaint "with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Supplemental Rule G(2)(f) requires that the Government "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Accordingly, the Government's verified complaint must "assert specific facts supporting an inference that the property is subject to forfeiture." United States v. All Funds on Deposit in Dime Savings Bank of Williamsburg Account No. 58-400738-1 in the Name of Ishar Abdi and Barbar Abdi ("Dime Savings"), 255 F.Supp.2d 56, 66-67 (E.D.N.Y.2003) (quotation marks omitted). Accord United States v. Approximately $25,829,681.80 in Funds, plus Interest, in Court Registry Investment Sys., No. 98 Civ. 2682, 1999 WL 1080370, at *7 (S.D.N.Y. Nov. 30, 1999) (citing United States v. All Right, Title & Interest in Real Property & Appurtenances Known as 288-290 N. St., Middletown, New York, 743 F.Supp. 1068, 1074 (S.D.N.Y.1990); United States v. All Right, Title & Interest in Real Property & a Bldg. Known as 16 Clinton St., New York, New York, 730 F.Supp. 1265, 1267 (S.D.N.Y.1990)). However, the Government is not required to allege in

the complaint all of the facts and evidence at its disposal. It is sufficient for the Government to simply plead enough facts for the claimant to understand the theory of forfeiture, to file a responsive pleading, and to undertake an adequate investigation.  See Dime Savings, 255 F.Supp.2d at 69.  Accord United States v. $109,086.00, No. Civ.A.H-04-3727, 2005 WL 1923613, at *5 (S. D. Tex. Aug. 10, 2005 (holding that the Government need not set out the evidence of its allegations in its complaint or plead every fact at its disposal).

The Federal Rules of Civil Procedure apply to forfeiture actions so long as they are not "inconsistent with" the Supplemental Rules.  Fed.R.Civ.P.Supp.R.A(2).  Accord United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 149 (3d Cir. 2003).  See also, Fed.R.Civ.P.Supp.R.G. Advisory Comm. Note ("The Civil Rules continue to provide the procedural framework within which Rule G and the other Supplemental Rules operate.").  The pleading requirements provided by the Supplemental Rules have traditionally been considered "more stringent than the general pleading requirements . . . [,] an implicit accommodation to the drastic nature of the civil forfeiture remedy." United States v. $15,270,885.69, No. 99 Civ. 10255, 2000 WL 1234593, *at *2-3 (S.D.N.Y. Aug. 31, 2000) (quoting United States v. Daccarett, 6 F.3d 37, 47 (2d Cir. 1993)).  However, the Supreme Court's recent landmark decisions in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), have arguably shifted general pleading

-4-

standards to a more heightened form of pleading, requiring that allegations in a complaint meet a standard of "plausibility" to survive a motion to dismiss. It is not entirely clear whether the "plausibility" standards enunciated in Iqbal apply to civil forfeiture cases, given that Iqbal was based on an interpretation of Federal Rule of Civil Procedure 8(a), and the Supplemental Rules expressly state that Supplemental Rule G(2) governs the sufficiency of civil forfeiture complaints. Given the fairly stringent pleading standards enunciated in the Supplemental Rules for civil forfeiture actions, the Court will not concern itself with application of the plausibility standards to civil forfeiture actions at this time.

## Discussion

The Government bases its claim for forfeiture on Section 1595a of Title 19. Section 1595a(c) provides in relevant part:

> Merchandise which is introduced or attempted to be introduced into the United States as contrary to law shall be treated as follows: (1) the merchandise shall be seized and forfeited if it – (A) is stolen, smuggled, or clandestinely imported or introduced.

In order to exercise the seizure and forfeiture of the Mask, the statute requires pleading the following: (1) facts relevant to whether the Mask was "stolen, smuggled or clandestinely imported or introduced" and (2) facts related to some predicate unlawful offense, presumably a law with some "nexus" to international commerce from which the Title 19 customs regulation arises. See, e.g., U.S. v. Davis, 648 F.3d

84 (2d Cir. 2011) ("contrary to law" means "the government may seize and forfeit merchandise introduced in the [USA] illegally, unlawfully, or in a manner conflicting with established law. . ."). The Government's verified complaint lacks both of these pleading prerequisites. Indeed, the verified complaint fails to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. See Fed.R.Civ.P.Supp.G(2)(f).

The verified complaint does not provide a factual statement of theft, smuggling, or clandestine importation. Rather, the complaint merely states that the Mask was found to be "missing" from Egypt in 1973. Although the Government alleges, in a conclusory fashion, that "the register did not document that the Mask was sold or given to a private party during the time frame of 1966 to 1973," the complaint is completely devoid of any facts showing that the Mask was "missing" **because it was stolen and then smuggled out of the country**. The closest the Government comes to any type of allegation of theft or smuggling is in paragraphs 19 and 20 of the complaint, which note that in 2006 "the Egyptian Supreme Council of Antiquities became aware that the Mask was accessioned by the Saint Louis Art Museum . . . and [t]o date, the Saint Louis Art Museum has refused to return the Mask." The Government's legal conclusion, in paragraph 22 of the verified complaint, that "[b]ecause the Mask was stolen, it could not have been lawfully

exported from Egypt or lawfully imported into the United States," misses a number of factual and logical steps, namely: (1) an assertion that the Mask was actually stolen; (2) factual circumstances relating to when the Government believes the Mask was stolen and why; (3) facts relating to the location from which the Mask was stolen; (4) facts regarding who the Government believes stole the Mask; and (5) a statement or identification of the law which the Government believes applies under which the Mask would be considered stolen and/or illegally exported.

The Government cannot simply rest on its laurels and believe that it can initiate a civil forfeiture proceeding on the basis of one bold assertion that because something went missing from one party in 1973 and turned up with another party in 1998, it was therefore stolen and/or imported or exported illegally. The Government is required under the pleading standards set forth in the Federal Rules of Civil Procedure to provide specific facts, or plead "with such particularity," that the claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading. Fed.R.Civ.P.Supp.E(2)(a). As it now stands, claimant cannot even be sure of the who, what, when or where of the alleged events surrounding the alleged "stealing," nor can the Museum ascertain if the Government is pursuing seizure of the Mask based on an alleged theft or a unlawful import/export, or both. (The Court presumes that the Government is not accusing any unnamed parties of clandestinely smuggling

the Mask out of Egypt and into the United States; however, given the lack of specificity in the verified complaint, perhaps the Court should not make any assumptions on the Government's behalf.)

Additionally, as noted previously, the Government has been completely remiss in addressing the law under which the Mask would be considered stolen. The phrase "contrary to law" under § 1595a refers to how merchandise, such as the Mask, is introduced in the United States illegally, unlawfully, or in a manner conflicting with <u>established law</u>. The Government has completely failed to identify, in its verified complaint, the established law that was violated when the Mask was purportedly brought illegally into the United States or purportedly stolen from Egypt or some other undisclosed party, and it has failed to provide any facts relating to the time period surrounding these supposed events. Thus, the Government's verified complaint fails to assert specific facts supporting an inference that the Mask is subject to forfeiture.

Given that the Court has already determined that the verified complaint is subject to dismissal under the relevant pleading standards, the Court need not address the Museum's arguments concerning its affirmative defenses to the Government's seizure attempts. The Court notes, however, that because these arguments refer to factually intensive matters that cannot be decided without looking outside the

pleadings, they are better suited for consideration under Federal Rule of Civil Procedure 56.

Accordingly,

**IT IS HEREBY ORDERED** that claimant's motion to dismiss the verified complaint [Doc. #11] is **GRANTED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of March, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11CV504 HEA |
| | ) |
| MASK OF KA-NEFER-NEFER, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Motion for Reconsideration of the Court's March 31, 2012 Memorandum and Order [ECF. No. 34] filed by Plaintiff The United States of America's ("the Government"). Claimant, St. Louis Art Museum ("Museum"), filed opposition to the motion [ECF No. 40], to which the Government filed a reply [ECF No. 42]. For the reasons set forth below, the Government's Motion to Reconsider is denied. Additionally, the Government has filed a Motion to Clarify Orders and to Extend Time for Filing Notice of Appeal [ECF No. 44] which Motion will be denied in part, and granted in part.

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir.1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been

raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted)." *Exxon Shipping Co. v. Baker*, __ U.S. __, 128 S.Ct. 2605, 2617, n. 5 (2008). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T .-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998),(internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

In its Motion, the Government argues that the Court wrongly held it to an inappropriately high burden with regard to 19 U.S.C. § 1595a and whether the artifact was "stolen." The analysis this Court employed in its March 31, 2012 ruling is the same analysis other courts have applied to facts similar to those presented here. The Government has presented nothing new, nor has it pointed the Court to

any severe mistake so as to establish manifest error. This Court's rational was plainly articulated in finding that the Government was not entitled to relief. Upon contemplation and review of the matters asserted in the motion, the Court will deny Defendants' Motion to Reconsider.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for Reconsideration of the Court's March 31, 2012 Memorandum and Order [ECF. No. 34] is **DENIED.**

**IT IS FURTHER ORDERED** that Claimant St. Louis Art Museum's Motion for Leave to File Sur-Reply in Opposition to the Government's Motion to Reconsider Order and Opinion Dismissing Verified Complaint [ECF No. 40] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Government's Motion to Clarify Orders [ECF No. 44] is **DENIED.**

**IT IS FURTHER ORDERED** that The Government's Motion to Extend Time for Filing Notice of Appeal [ECF No. 44] is **GRANTED.**

Dated this 30th day of May, 2012.

HENRY EDWARD AUTREY

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MASK OF KA-NEFER-NEFER, )<br>)<br>Defendant. ) | No. 4:11CV504 HEA |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the United States of America's ("The Government") Motion for Leave to File First Amended Verified Complaint for Forfeiture [ECF No. 49]. Claimant the Art Museum Subdistrict of the Metropolitan Zoological Park and Museum District of the City of St. Louis and the County of St. Louis ("Claimant Museum") filed a Motion to Strike the Motion of The Government for Leave to File First Amended Verified Complaint for Forfeiture [ECF No. 51].

On March 31, 2012 the Court entered an Order dismissing the Verified Complaint in the instant matter [ECF No. 33]. After allowing The Government an extension of time to file its Motion for Reconsideration [*See* ECF No. 36], on May 7, 2012, The Government filed a Motion to Reconsider Order and Opinion Dismissing Verified Complaint [ECF No. 37]. In the motion, The Government requested, in the alternative, that the Court grant The Government an additional seven (7) days to

move for leave to file an amended complaint before entry of judgment.[1] On June 1, 2012, The Court denied the Government's Motion for Reconsideration in its entirety [ECF No. 48]. For the reasons outlined in The Court's March 31, 2012 Order of Dismissal [ECF No. 33], and for the reasons offered in its Order denying reconsideration [ECF No. 37], The Court denies The Government's requested leave raised in its motion submitted on June 8, 2012 [ECF No. 49].

Accordingly,

**IT IS HEREBY ORDERED** that The Government's Motion for Leave to File First Amended Verified Complaint for Forfeiture [ECF No. 49] is **DENIED.**

**IT IS FURTHER ORDERED** that Claimant Museum's Motion to Strike the Motion of The Government for Leave to File First Amended Verified Complaint for Forfeiture [ECF No. 51] is **DENIED** as moot.

Dated this 28th day of June, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] The Government did not include a proposed Amended Verified Complaint with its Motion.

# CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2013, I filed the foregoing Appellant's Addendum with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit and served it on the following counsel through the CM/ECF system:

Patrick A. McInerney
DENTONS US LLP
1100 Twentieth Century Tower II
4520 Main Street
Kansas City, MO 64111
(816) 460-2467

McClain Elizabeth Bryant
HUSCH & BLACKWELL
4801 Main Street, Suite 1000
Kansas City, MO 64112
(816) 983-8000

David A. Linenbroker
HUSCH & BLACKWELL
190 Carondelet Plaza, Suite 600
Saint Louis, MO 63105-3441
(314) 480-1500

        /s/ Sharon Swingle
        SHARON SWINGLE