No. 12-2578

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.

MASK OF KA-NEFER-NEFER,
Defendant-Appellee,

ART MUSEUM SUBDISTRICT OF THE METROPOLITAN ZOOLOGICAL
PARK AND MUSEUM DISTRICT OF THE CITY OF ST. LOUIS AND THE
COUNTY OF ST. LOUIS,
Claimant-Appellee.

**BRIEF FOR CLAIMANT-APPELLEE**

PATRICK A. M<u>c</u>INERNEY
*(816)460-2467*
*DENTONS US LLP*
*1100 Twentieth Century Tower II*
*4520 Main Street*
*Kansas City, MO 64111*

DAVID A. LINENBROKER
McCLAIN ELIZABETH BRYANT
*HUSCH BLACKWELL LLP*
*190 Carondelet Plaza, Suite 600*
*St. Louis, MO 63105*

# TABLE OF CONTENTS

Page

STATEMENT OF THE CASE.................................................................1

SUMMARY OF THE ISSUE ...............................................................2

STATEMENT OF THE FACTS ...........................................................2

I.   Procedural Background ................................................................2

SUMMARY OF THE ARGUMENT ...................................................12

ARGUMENT ....................................................................................16

     I.    Legal Standards Applicable To The District Court Proceedings........16

          A.   An Order Dismissing A Complaint Pursuant To
                 Fed.R.Civ.P. 12(b)(6) Is Final And Appealable......................16

          B.   Post-Judgment Leave To Amend Pursuant To
                 Fed.R.Civ.P. 15(a)(2) Cannot Be Sought Until The Case
                 Is Re-Opened Pursuant to Fed.R.Civ.P. 59(e) or 60(b) ..........18

     II.   The District Court's Proper Exercise of Discretion ............................24

          A.   The District Court's Dismissal Order Was A Final,
                 Appealable Judgment Terminating The Case...........................24

          B.   The District Court Properly Exercised Its Discretion
                 In Denying Leave To Amend Post-Judgment ..........................26

               1.   The Government's Right To Amend
                    Terminated Post-Dismissal, Post-Judgment, And Post-
                    Denial Of The Government's Motion To Reconsider ......26

               2.   The District Court's June 28, 2013 Order Denying
                    Leave To Amend Was Substantively Sufficient...............28

                   a.   The District Court Fully Articulated Its Basis
                        For Denying The Government's Request For
                        Leave To Amend In Its June 28, 2013 Order............34

Appellate Case: 12-2578    Page: 2    Date Filed: 08/05/2013  Entry ID: 4061741

b.    The Reasons For The District Court's Denial Of The Government's Request For Leave To Amend Are Apparent Upon Review Of The Record.................................................................38

c.    The Government's Amended Assertions Remain Insufficient ..................................................42

CONCLUSION .......................................................................53

CERTIFICATE OF COMPLIANCE ....................................................55

Appellate Case: 12-2578    Page: 3    Date Filed: 08/05/2013 Entry ID: 4061741

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*2007 Novastar Fin. Inc., Sec. Litig.,*
    579 F.3d 878 (8th Cir. 2009) ..................................................................22, 38, 43

*Acevedo-Villalobos v. Hernandez,*
    22 F.3d 384 (1st Cir. 1994)...............................................................17, 19, 25, 27

*Alternative Fuel, Inc. v. Cabanas,*
    538 F.3d 969 (8th Cir. 2008) ............................................................................21

*Bailey v. Bayer Cropscience, L.P.,*
    563 F.3d 302 (8th Cir. 2009) .......................................................................20, 21

*Bediako v. Stein Mart, Inc.,*
    354 F.3d 835 (8th Cir. 2004) ............................................................................39

*Briddle v. Scott,*
    63 F.3d 364 (5th Cir. 1995) ..............................................................................32

*Briehl v. Gen. Motors Corp.,*
    172 F.3d 623 (8th Cir. 1999) ...................................................................20, 21, 44

*Calderon v. Kansas Dept. of Soc. and Rehab. Servs.,*
    181 F.3d 1180 (10th Cir. 1999) .........................................................................19

*Crest Constr. II, Inc. v. Doe,*
    660 F.3d 346 (8th Cir. 2011) .......................................................................22, 39

*Crouch v. Honeywell Int'l., Inc.,*
    2013 WL 1955681 (6th Cir. May 14, 2013) .....................................................23, 29

*Cunningham v. Hamilton Cnty., Ohio,*
    527 U.S. 198 (1999).................................................................................16, 24

*Diersen v. Chicago Car Exch.,*
    110 F.3d 481 (7th Cir. 1997) ............................................................................39

*Dorn v. State Bank of Stella,*
    767 F.2d 442 (8th Cir. 1985) ...........................................................18, 19, 21, 43

*Egerdahl v. Hibbing Comty. Coll.,*
    72 F.3d 615 (8th Cir. 1995) ..........................................................20, 22, 39, 41

Appellate Case: 12-2578    Page: 4    Date Filed: 08/05/2013 Entry ID: 4061741

*First Nat'l Bank of Louisville v. Cont'l Ill. Nat'l Bank & Trust Co.,*
    933 F.2d 466 (7th Cir. 1991) ...................................................................21

*Foman v. Davis,*
    371 U.S. 178 (1962)......................................................... 2, 10, 19, 21, 23, 29, 31-33, 42

*Foster v. DeLuca,*
    545 F.3d 582 (7th Cir. 2008) ...................................................27, 36, 37

*Gerritsen v. de la Madrid Hurtado,*
    819 F.2d 1511 (9th Cir. 1987) ...............................................................18

*Hagerman v. Yukon Energy Corp.,*
    839 F.2d 407 (8th Cir. 1988) .................................................................20

*Hammer v. City of Osage Beach, Mo.,*
    318 F.3d 832 (8th Cir. 2003) .................................................................32

*Hawks v. J.P. Morgan Chase Bank,*
    591 F.3d 1043 (8th Cir. 2010) .....................................................18, 21, 28

*Helm v. Resolution Trust Corp.,*
    84 F.3d 874 (7th Cir. 1996) ............................................... 29-31, 34

*Humphreys v. Roche Biomedical Lab.,*
    990 F.2d 1078 (8th Cir. 1993) ...............................................................22

*In re Medtronic, Inc., Sprint Fidelis Leads Prod. Liab. Litig.,*
    623 F.3d 1200 (8th Cir. 2010) ...............................................................39

*K-tel Inc. Sec. Litig.,*
    300 F.3d 881 (8th Cir. 2002) .................................................................44

*Lee v. Kemna,*
    534 U.S. 362 (2002).......................................................................23, 29

*Logar v. West Va. Univ. Bd. of Governors,*
    493 Fed. Appx. 460 (4th Cir. 2012).......................................................30

*Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,*
    674 F.3d 369 (4th Cir. 2012).................................................................30

*Meehan v. United Consumers Club Franchising Corp.,*
    312 F.3d 909 (8th Cir. 2002) .................................................................40

*Morrison Enters., L.L.C. v. Dravo Corp.,*
    638 F.3d 594 (8th Cir. 2011) .................................................................20

- iv -

*Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*,
   406 F.3d 1052 (8th Cir. 2005) .........................................................22, 23, 39

*Nationsmart Corp. Sec. Litig. v. Thaman*,
   130 F.3d 309 (8th Cir. 1998) .........................................................2, 22, 40, 41

*O'Neil v. Simplicity, Inc.*,
   574 F.3d 501 (8th Cir. 2009) .........................................................39

*Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*,
   559 F.3d 772 (8th Cir. 2009) .........................................................21, 38

*Public Pension Fund Group v. KV Pharm. Co.*,
   679 F.3d 972 (8th Cir. 2012) .........................................................32

*Quartana v. Utterback*,
   789 F.2d 1297 (8th Cir. 1986) .........................................2, 10, 17-19, 24-27, 42

*Reuter v. Jax Ltd., Inc.*,
   711 F.3d 918 (8th Cir. 2013) .........................................................23, 33

*Roberson v. Hayti Police Dept.*,
   241 F.3d 992 (8th Cir. 2001) .........................................................32

*Sanders v. Clemco Indus.*,
   823 F.2d 214 (8th Cir. 1987) .........................................................32

*Scott v. Eversole Mortuary*,
   522 F.2d 1110 (9th Cir. 1975) .........................................................18

*Senior Cottages of Am., LLC*,
   482 F.3d 997 (8th Cir. 2007) .........................................................33

*Sigsworth v. City of Aurora, Ill.*,
   487 F.3d 506 (11th Cir. 2007) .........................................................29, 37

*Thompson-El v. Jones*,
   876 F.2d 66 (8th Cir. 1989) .........................................................23

*Twin City Constr. Co. of Fargo v. Turtle Mountain Band of Chippewa Indians*,
   911 F.2d 137 (8th Cir. 1990) .........................................................23, 29, 32

*United States ex rel. Raynor v. Nat'l Rural Util. Coop. Fin. Corp.*,
   690 F.3d 951 (8th Cir. 2012) .........................................................34, 39

*United States ex rel. Roop v. Hypoguard USA, Inc.*,
   559 F.3d 818 (8th Cir. 2009) .........................................................20

Appellate Case: 12-2578    Page: 6    Date Filed: 08/05/2013 Entry ID: 4061741

*United States v. Davis*,
648 F.3d 84 (2d Cir. 2011) ................................................................. 4, 6

*United States v. McClain*,
545 F.2d 988 (5th Cir. 1977) ................................................................. 48

*United States v. Schultz*,
333 F.3d 393 (2d Cir. 2003) ................................................................. 48

*United States v. Wintermute*,
443 F.3d 993 (8th Cir. 2006) .......................................................... 23, 29

*United Steelworkers of Am., AFL-CIO v. Mesker Bros. Indus.*,
457 F.2d 91 (8th Cir. 1972) ................................................................. 23

*Van Cauwenberghe v. Biard*,
486 U.S. 517 (1988) ............................................................................ 16

*Weisman v. LeLandais*,
532 F.2d 308 (2d Cir. 1976) .......................................................... 17, 27

*Winfrey v. Brewer*,
570 F.2d 761 (8th Cir. 1978) ............................................................... 27

*Wolgin v. Simon*,
722 F.2d 389 (8th Cir. 1983) .......................................................... 22, 38

## STATUTES

Egyptian Law No. 215 .............................................................................. 47

Tariff Act, 19 U.S.C. § 1595a(c)(1)(A) ............................................... 12, 50

## OTHER AUTHORITIES

5 James W. Moore *et al.*, Moore's Federal Practice §41.14 (2d ed. 1993) .................................. 20

27A Tracy Bateman Farrell & John R. Kennel *et al.*, Federal Procedure § 62:807 (2012) .......... 17

15A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3914.1
(2d ed.) .................................................................................................. 18

E.D.Mo.L.R. 7-4.01(A) ................................................................. 22, 34, 39

FED. R. CIV. P. 6(b)(2) ............................................................................. 7

FED. R. CIV. P. 7 ..................................................................................... 19

Appellate Case: 12-2578   Page: 7   Date Filed: 08/05/2013 Entry ID: 4061741

FED. R. CIV. P. 12(b) ...................................................................................27

FED. R. CIV. P. 12(b)(6) ....................................1, 3, 4, 12, 16, 27, 40

FED. R. CIV. P. 15 ...................................................................................19

FED. R. CIV. P. 15(a) ..............................................................17, 27, 30

FED. R. CIV. P. 15(a)(1)(A)-(B) ............................................................18

FED. R. CIV. P. 15(a)(1)(B) ...........................................................26, 27

FED. R. CIV. P. 15(a)(2) ................................................................18, 19

FED. R. CIV. P 41 ....................................................................................16

FED. R. CIV. P. 52(a)(3) ...........................................23, 28, 29, 37

FED. R. CIV. P. 58 ...........................................................................24-26

FED. R. CIV. P. 58 and 54 ............................................................5, 16, 42

FED. R. CIV. P. 59(e) ..............................7, 9, 10, 13, 18, 19, 36

FED. R. CIV. P. 59(e), 60(b)(1) and 60(b)(6) .........................................10

FED. R. CIV. P. 59(e) and 60(b)(6) ............................5, 13, 30, 35

FED. R. CIV. P. 60(b)(1) .............................................................8, 36

FED. R. CIV. P. 60(b)(6) .............................................................7, 36

FED. R. CIV. P. 59(e) and 60(b) ...............................8, 31, 34

FED. R. CIV. P. 60(b) ............................................10, 13, 18, 19

FED. R. CIV. P. SUP. G(8)(b) ................................................................1

- vii -

# STATEMENT OF THE CASE

The United States Government ("Government") brought this Tariff Act civil forfeiture action against an Egyptian antiquity known as the Mask of Ka-Nefer-Nefer" ("Mask"), which was purchased by and is in the possession of the Art Museum Subdistrict of the Metropolitan Zoological Park and Museum District of the City of St. Louis and the County of St. Louis ("Museum" or "Appellee"). The Government alleged that the Mask was stolen from the Republic of Egypt and imported into the United States contrary to law, and was therefore forfeitable pursuant to the Tariff Act, 19 U.S.C. § 1595a(c)(1)(A). The Appellee Museum filed its Verified Claim and moved to dismiss the civil forfeiture action pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure Supplemental Rule G(8)(b). Nearly eleven months later, the District Court found the Government's civil forfeiture Complaint to be "completely devoid of any facts" establishing that the Mask was stolen, and issued both an Opinion, Memorandum and Order, and an Order of Dismissal dismissing the Government's Complaint.

After final judgment, the Government sought reconsideration, which the District Court denied. The Government then moved the District Court for Leave to Amend the Complaint, attaching a Proposed Amended Complaint. The District Court denied the Government's Motion for Leave to Amend the Complaint in an order that incorporated the rationale from its order granting the Appellee

Appellate Case: 12-2578    Page: 9    Date Filed: 08/05/2013 Entry ID: 4061741

Museum's request for dismissal and its order denying the Government's request for reconsideration.  The Government then brought this appeal.

## STATEMENT OF THE ISSUE

The issue on appeal is whether the District Court properly exercised its discretion when it denied the Government's post-judgment motion for leave to amend the Complaint after a final appealable judgment closing the action, and after the District Court's prior denial of the Government's motions for reconsideration.

Authorities: *Quartana v. Utterback*, 789 F.2d 1297 (8th Cir. 1986); *Dorn v. State Bank of Stella*, 767 F.2d 442 (8th Cir. 1985); *Foman v. Davis,* 371 U.S. 178 (1962); *Nationsmart Corp. Sec. Litig. v. Thaman*, 130 F.3d 309 (8th Cir. 1998).

## STATEMENT OF THE FACTS

### I.    Procedural Background

A.    On February 15, 2011, Appellee Museum filed a Complaint for Declaratory Judgment ("Declaratory Complaint") against the United States of America, the Secretary of Homeland Security, the Attorney General of the United States, and the United States Attorney for the Eastern District of Missouri. Declaratory Complaint, ECF No. 1, Appellee Supplemental Appendix ("SA") 2-6-29.    Appellee Museum's Declaratory Complaint sought the District Court's determination that any action pursuant to the Tariff Act against the Mask, owned and possessed by Appellee Museum, was time barred, and requested a

- 2 -

determination regarding the respective rights of the parties with regard to the Mask. Declaratory Complaint, ECF No. 1, Appellee SA 2-6-29. On March 16, 2011, the Government filed a motion to dismiss the Appellee Museum's Declaratory Complaint (Motion to Stay or Dismiss Declaratory Complaint, ECF No. 8, Appellee SA 2-30-33) and, at the same time, filed the Complaint for Civil Forfeiture in this case. ("Government's Complaint" or "Complaint").[1] Complaint, ECF No. 1, Joint Appendix ("JA") 10-17. On March 31, 2011, the District Court stayed the declaratory judgment action pending the outcome of the civil forfeiture action. Order Staying Declaratory Action, ECF No. 17, Appellee SA 2-34-40.

B. On May 4, 2011, the Appellee Museum filed a Motion to Dismiss the Government's Civil Forfeiture Complaint ("Motion to Dismiss"). *See* Motion to Dismiss, ECF No. 11, JA 30-67. In it, the Appellee Museum sought dismissal of the Government's Complaint for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) due to the Government's failure to plead sufficient facts to support a reasonable belief that the Mask was stolen or to so much as allege the law pursuant to which the Mask could be considered stolen. Motion to Dismiss, ECF No. 11, JA 30-67.

---

[1] The Government's Complaint was not "verified" pursuant to the Rules because it was not filed with an accompanying affidavit from a Government official. The Appellee Museum had not yet had the opportunity to raise this issue in the District Court given the early dismissal of this action.

- 3 -

C.     On March 31, 2012, after consideration of the Appellee Museum's Motion to Dismiss and several responsive briefings, the District Court, relying on the pleading requirements set forth in *United States v. Davis*, 648 F.3d 84 (2d Cir. 2011), entered an Opinion, Memorandum and Order ("Order") dismissing this case due to the Government's failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6).  *See* Memorandum Opinion, ECF No. 34, JA 75-83.  The Order was silent on whether the Government could amend its Complaint, whether the Government could appeal the Order, and whether the entire action was terminated by the Order.   Memorandum Opinion, ECF No. 34, JA 75-83.

However, the Order described in great detail the many "factual and logical" allegations missing from the Government's Complaint, namely:  "(1) an assertion that the Mask was actually stolen; (2) factual circumstances relating to when the Government believes the Mask was stolen and why; (3) facts relating to the location from which the Mask was stolen; (4) facts regarding who the Government believes stole the Mask; and (5) a statement or identification of the law under which the Government believes the Mask would be considered stolen and/or illegally exported."  Memorandum Opinion 7, ECF No. 34, JA 81.  The Order also directed that "[a] separate Order of Dismissal shall accompany this Memorandum and Order."  Memorandum Opinion 9, ECF No. 34, JA 83.  As directed, on that same date, the Clerk filed a separate docket entry closing this case pursuant to FED.

- 4 -

R. CIV. P. 58 and 54 ("Dismissal"). Order of Dismissal, ECF No. 33, JA 74. Both the March 31, 2012 Order and Dismissal were entered by the Clerk on April 2, 2012.

D.     On April 6, 2012, four days after the District Court's entry of the Order and Dismissal, the Government filed a Motion for Enlargement of Time to File Motion for Reconsideration and/or to Seek Leave to File Amended Complaint Prior to Entry of Judgment ("Motion for Enlargement"), seeking an enlargement of time to move for reconsideration of the District Court's Order and Dismissal and/or for leave to amend the dismissed Complaint. *See* Motion for Enlargement of Time, ECF No. 35, JA 84-87. The Government did not contemporaneously file a proposed amended complaint with its Motion for Enlargement, nor did it proffer in the motion any facts it would allege in an amended complaint. Motion for Enlargement of Time, ECF No. 35, JA 84-87. The Government did, however, include an alternative request that the District Court consider its Motion for Enlargement as either FED. R. CIV. P. 59(e) or 60(b)(6) motion "[t]o the extent this Court construes its Order as an adjudication on the merits and thus a dismissal of the 'action.'" Motion for Enlargement of Time 1, ECF No. 35, JA 84.

E.     On April 9, 2012, the District Court granted the Government's Motion for Enlargement, in part, allowing the Government to file "what it suggests is a motion for reconsideration." Order 1, ECF No. 36, JA 88-89.

- 5 -

F.    On May 7, 2012, the Government filed its Motion to Reconsider Order and Opinion Dismissing Verified Complaint and Memorandum in Support ("Motion to Reconsider"), arguing the Government was not required to meet the pleading requirements of *United States v. Davis,* and thus, an amended complaint was unnecessary.  Motion for Reconsideration, ECF No. 37, JA 90-93.  Yet, the Government "renew[ed] its request that the Court grant it an opportunity before entry of judgment for leave to file an amended complaint that may address any shortcomings the Court finds in the Verified Complaint."   Motion for Reconsideration 3, ECF No. 37, JA 92.   In its supporting Memorandum, the Government generally described facts and theories that it "could" add to an amended Complaint in order to satisfy its burden.  Memorandum In Support of Motion to Reconsider 12, ECF No. 38, Appellee SA 1-20.  Significantly, the Government again did not submit to the District Court a proposed amended complaint, nor did it include any additional documentary evidence or specific factual allegations that it proposed to include in an amended complaint.  *See* Memorandum In Support of Motion to Reconsider, ECF No. 38, Appellee SA 1-9-21.  The Government did not argue that it had newly discovered evidence to present, that the District Court committed a clerical or procedural error, that controlling law had changed, or that exceptional circumstances warranted re-examination of the District Court's Order.   Instead, the Government reiterated the

- 6 -

arguments it made in response to Appellee Museum's Motion to Dismiss. Memorandum In Support of Motion to Reconsider, ECF No. 38, Appellee SA 1-9-21. On May 14, 2012, the Appellee Museum filed its Motion in Opposition to the Government's Motion to Reconsider ("Motion in Opposition to Motion to Reconsider"), arguing that the Government's Motion to Reconsider could only be considered pursuant to FED. R. CIV. P. 60(b)(6) due to the Government's failure to file a FED. R. CIV. P. 59(e) motion within the 28-day deadline and the District Court's inability to extend the FED. R. CIV. P. 59(e) deadline pursuant to FED. R. CIV. P. 6(b)(2). *See* Memorandum in Opposition to Motion to Reconsider, ECF No. 40, Appellee SA 1-22-39. Appellee Museum further argued that the Government's Motion to Reconsider failed to meet the legal standards for relief under either rule because the unspecified facts the Government argued it "could" include in an amended complaint presented evidence that should have been raised or presented before the entry of judgment. Memorandum in Opposition to Motion to Reconsider, ECF No. 40, Appellee SA 1-22-39. Further, the Appellee Museum noted the arguments in the Government's Motion to Reconsider were reiterations of arguments previously made in the Government's Complaint and its briefings to the Appellee Museum's Motion to Dismiss. *See* Memorandum in Opposition to Motion to Reconsider, ECF No. 40, Appellee SA 1-22-39.

Appellate Case: 12-2578    Page: 15    Date Filed: 08/05/2013 Entry ID: 4061741

G.     On May 18, 2012, the Government filed its Reply in Support of its Motion to Reconsider ("Reply to Motion to Reconsider"), arguing that the District Court's Order and Dismissal did not constitute a final order, but, in the event dismissal was final, that it should be set aside by the District Court and, further, that its Motion to Reconsider should be considered pursuant to FED. R. CIV. P. 60(b)(1) because the Government was confused about the finality of the District Court's Order and Dismissal.  Reply in Support of Motion for Reconsideration, ECF No. 42, SA 1 – 40-52.  And, for the third time, the Government requested *time* to seek leave to amend its Complaint based on what it now "would" include in an amended complaint, while maintaining "[o]nce again, the United States does not expect it will be necessary to seek leave to add these allegations, as it maintains that the Verified Complaint is sufficient as pled."   Reply in Support of Motion for Reconsideration, ECF No. 42, Appellee SA 1 – 40-52.  Appellee Museum noted in its May 25, 2012 Sur-Reply (later ruled moot by the District Court) that the Government's failure to allege specifically what it "would" include in an amended complaint missed the mark for relief under FED. R. CIV. P. 59(e) and 60(b).  Sur-Reply in Opposition to Motion to Reconsider, ECF No. 45, Appellee SA 1-53-59.

H.     On May 23, 2012, the Government filed a Motion to Clarify Orders and to Extend Time for Filing Notice of Appeal ("Motion to Clarify").  Motion to Clarify Order of Dismissal, ECF No. 44, JA 112-115.  In it, the Government

- 8 -

requested the District Court clarify its March 31, 2012 Order and Dismissal and April 9, 2012 Order granting the Government additional time to file a motion for reconsideration, and permit the Government additional time to file a notice of appeal. Motion to Clarify Order of Dismissal, ECF No. 44, JA 112-115. There was no proposed amended complaint accompanying the Motion to Clarify. Motion to Clarify Order of Dismissal, ECF No. 44, JA 112-115.

I. On June 1, 2012, the District Court entered an Opinion, Memorandum and Order denying the Government's Motion to Reconsider in its entirety ("Order Denying Reconsideration"). Memorandum Opinion and Order Denying Motion to Clarify, ECF No. 48, JA 116-119. The District Court found that the Government "ha[d] presented nothing new, nor ha[d] it pointed the Court to any severe mistake so as to establish manifest error" as required by FED. R. CIV. P. 59(e). Memorandum Opinion and Order Denying Motion to Clarify 2-3, ECF No. 48, JA 117-118. The District Court also denied the Government's request for "clarification" of its preceding orders, but granted the Government an extension of time to file a notice of appeal. Memorandum Opinion and Order Denying Motion to Clarify 3, ECF No. 48, JA 118.

J. On June 8, 2012, the Government filed its Motion for Leave to File First Amended Verified Complaint for Forfeiture ("Motion for Leave"), including another request that the District Court re-open this case pursuant to FED. R. CIV. P.

- 9 -

59(e), 60(b)(1) and 60(b)(6), and thereby allow the Government to file an accompanying Proposed Amended Verified Complaint ("Proposed Amended Complaint").  Motion for Leave to File First Amended Verified Complaint, ECF No. 49, JA 120-149.

K.     On June 15, 2012, Appellee Museum filed a Motion to Strike the Government's Motion for Leave.  Motion to Strike Motion for Leave to File First Amended Complaint, ECF No. 51, JA 150-155.  In its supporting Memorandum, Appellee Museum argued that the District Court should strike the Government's untimely Motion for Leave due to the finality of the District Court's Order and Dismissal; the Government's failure to attach a proposed amended complaint to its Motion to Reconsider; the Government's unexcused delay in submitting a Proposed Amended Complaint; and, similar to the deficiencies of the Government's Motion to Reconsider, the Government's failure to offer any sufficient grounds for re-opening the case pursuant to FED. R. CIV. P. 59(e) or 60(b).  Memorandum in Support of Motion to Strike, ECF No. 52, Appellee SA 1-60-70.  On June 15, 2012, the Government filed its Memorandum in Opposition to the Appellee Museum's Motion to Strike ("Opposition to Motion to Strike"), relying principally on *Quartana v. Utterback* and *Foman v. Davis* in arguing that the Government's Motion for Leave should be considered and granted.

Memorandum in Opposition to Motion to Strike, ECF No. 53, Appellee SA 1-71-80.

L.    On June 28, 2012, the District Court entered its Opinion, Memorandum and Order denying the Government's Motion for Leave ("Order Denying Leave").  Memorandum Opinion and Order Denying Motion for Leave to File First Amended Verified Complaint, ECF No. 54, JA 161-162.  In it, the District Court reiterated that it had denied the Government's Motion to Reconsider **in its entirety**, including the Government's alternative request for additional time to seek leave to amend.   Memorandum Opinion and Order Denying Motion for Leave to File First Amended Verified Complaint, ECF No. 54, JA 161-162. (emphasis added).  The District Court also made specific note of the fact that the Government did not attach a proposed amended complaint to its Motion to Reconsider.   Memorandum Opinion and Order Denying Motion for Leave to File First Amended Verified Complaint, ECF No. 54, JA 161-162.  The District Court explained its denial by stating "[f]or the reasons outlined in The Court's March 31, 2012 Order of Dismissal [ECF No. 33], and for the reasons offered in its Order denying reconsideration [ECF No. 37], The Court denies The Government's requested leave raised in its motion submitted on June 8, 2012 [ECF No. 49]."  The District Court then denied Appellee Museum's Motion to Strike as moot.

- 11 -

Memorandum Opinion and Order Denying Motion for Leave to File First Amended Verified Complaint, ECF No. 54, JA 161-162.

## SUMMARY OF THE ARGUMENT

After Appellee Museum filed a declaratory judgment action in the District Court seeking a determination that any action pursuant to the Tariff Act against the Mask, owned and possessed by Appellee Museum, was time barred, and a determination regarding the respective rights of the parties with regard to the Mask, the Government filed this Tariff Act civil forfeiture action. In its Complaint, the Government alleged that the Mask was "stolen" from the Republic of Egypt and thereafter imported into the United States, making it forfeitable pursuant to the Tariff Act, Title 19, U.S.C. § 1595a(c)(1)(A).

The Appellee Museum filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), based on the Government's failure to plead sufficient facts to support a belief that the Mask was stolen and its failure to allege any law establishing ownership of the Mask in any party other than the Appellee Museum. The Government filed five pleadings after its Motion to Dismiss, yet not one attached a proposed amended complaint or specified how the Government would address the deficiencies identified by the Motion to Dismiss.

On March 31, 2012, the District Court entered an Order and Dismissal, dismissing the Government's Complaint. The Order described in detail the

- 12 -

deficiencies in the Complaint, noting that the Government relied wholly on conclusory statements in alleging that, because the Mask went missing in 1973 and was in the Appellee Museum's possession in 1998, that it must have been stolen. The Court went on to condemn the Government's "complete fail[ure] to identify, in its verified complaint, the established law that was violated when the Mask was purportedly brought illegally into the United States . . . " and to list specifically the defects in the Government's Complaint. The Order directed the entry of a separate Dismissal, which was accomplished by the Clerk of the District Court. Although the Order was silent on whether it was final, whether it dismissed the entire action and whether the plaintiff could amend, Eighth Circuit law is clear that it dismissed the entire action. The District Court's Order unequivocally intended and had the effect of disposing of the action.

Following the Dismissal, the Government filed a Motion for Enlargement, pursuant to FED. R. CIV. P. 59(e) or 60(b)(6). Only after the District Court granted relief under FED. R. CIV. P. 59(e) or 60(b) could the District Court have granted leave to amend. The Motion for Enlargement did not include any documentary evidence or specific factual allegations that it proposed to include in an amended complaint, nor did it attach a proposed amended complaint. The District Court granted the Government's Motion for Enlargement to file a motion for reconsideration. Thereafter, the Government filed its Motion to Reconsider,

- 13 -

arguing that the District Court was mistaken in its Dismissal, thus, rendering an amended complaint unnecessary. In the supporting Memorandum, the Government generally described what it "could" allege to satisfy the pleading burden although, again, the Motion to Reconsider did not include any documentary evidence or specific factual allegations that it proposed to include in an amended complaint, nor did it attach a proposed amended complaint.

After the Appellee Museum's response, the Government claimed it was confused by the legal impact of the District Court's Dismissal and whether it was final, and urged the District Court to provide "guidance" as to the finality of the Dismissal. Importantly, the Government also requested time to seek leave to amend the Complaint, yet did not include any documentary evidence or specific factual allegations that it proposed to include in an amended complaint, nor did it attach a proposed amended complaint.

On June 1, 2012, the District Court denied the Government's Motion to Reconsider and its Motion to Clarify the District Court's Order and Dismissal and Order granting the Government additional time to file a motion to reconsider. The denial was wholly proper because the District Court had clearly indicated by the Order and Dismissal that the dismissal of the Complaint constituted dismissal of the action. The District Court's considerable discretion justified the denial of the Motion to Reconsider and the Motion for Leave for several reasons, all recognized

- 14 -

by the Eighth Circuit. First, the Order and Dismissal were clear, final and appealable, and there was no obligation on the part of the District Court to specify the Government's rights under either. Second, the District Court found that the Government had presented nothing new, nor did it point the District Court to any severe mistake so as to establish manifest error. Third, the Government did not attach a proposed amended complaint or provide the District Court documentary evidence or specific factual allegations regarding an amended complaint until long after the deadline had passed. Such delay is grounds alone for denial of a motion for leave to amend.

Although the District Court's denial of the Motion to Reconsider extinguished the District Court's authority to grant leave to amend, a week later, the Government filed its Motion for Leave and, for the first time, attached a Proposed Amended Complaint. The District Court properly denied the Motion for Leave and in doing so, reiterated its justifications for denying the Government's initial Motion to Reconsider. There was no lack of clarity and the District Court was justified on a number of grounds in denying the Government's late and insufficient motions to reconsider and for leave to amend. The District Court was not obligated to undertake an analysis of the substance of the Proposed Amended Complaint because the Government had repeatedly failed to provide grounds to set aside the District Court's Order and Dismissal. Nonetheless, the Proposed

- 15 -

Amended Complaint suffered from the same host of defects that doomed the first Complaint.

## ARGUMENT

## I.     Legal Standards Applicable to the District Court Proceedings

### A.     An Order Dismissing a Complaint Pursuant to FED. R. CIV. P. 12(b)(6) Is Final and Appealable

Generally, appeal can only be taken from a final judgment, and a judgment is final upon the date of its entry in a document separate from the order. FED. R. CIV. P. 58 and 54.  The United States Supreme Court recognizes the finality of such an order, particularly when "'it ends litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999) (*citing Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *see* FED. R. CIV. P. 41 ("**If the plaintiff fails . . . to comply with these rules . . . a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal order under this subdivision . . . and any dismissal not under this rule** - except for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - **operates as an adjudication on the merits**.") (emphasis added).

While an order dismissing a complaint may not ordinarily be a final, appealable order, if it appears that the district court intended the dismissal of the complaint to dispose of the action, it is considered final and appealable.  *See*

- 16 -

*Quartana v. Utterback*, 789 F.2d 1297, 1299-1330 (8th Cir. 1986). It is settled in the Eighth Circuit - and other circuit courts - that an order dismissing a complaint for failure to state a claim, which order is silent on whether the order is final, whether it dismisses the entire action, and whether the plaintiff may amend, **dismisses the entire action**. *Quartana*, 789 F.2d at 1299-1330 (emphasis added); *see Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 386-89 (1st Cir. 1994) (action dismissed where order stated "[t]he Court therefore ORDERS that defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is hereby GRANTED and that plaintiffs' complaint is hereby DISMISSED"); *see also Weisman v. LeLandais*, 532 F.2d 308, 309 (2d Cir. 1976) (where "[t]he orders simply state[d] 'Motion granted. The complaint is dismissed. So ORDERED.'"); 27A Tracy Bateman Farrell & John R. Kennel *et al*., <u>Federal Procedure</u> § 62:807 p. 1 (2012) ("The granting of a motion to dismiss a complaint is final and appealable when the court uses the words 'the complaint is dismissed' without granting leave to amend, indicating that the district court intended to terminate the action.").[2]

_____

[2] This rule has been lauded as follows:

> This rule has the virtue of clarity. The presumption in favor of appealability has the additional virtues that it avoids confusion over the point that terminates the right to amend under Civil Rule 15(a) and starts appeal time on the same event – dismissal of the complaint. The rule that dismissal is final is not harsh, since the plaintiff can seek reconsideration by timely motion under Civil Rule 59 and thereby suspend the time to appeal. . . .

- 17 -

An order dismissing the complaint is final and appealable unless leave to amend is explicitly granted. *Quartana*, 789 F.2d at 1299-1300; *see also Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 (9th Cir. 1987) (Where "[t]he order did not grant Gerritsen leave to amend the complaint[,] [f]ailure to allow leave to amend supports an inference that the district court intended to make the order final.") (*citing Scott v. Eversole Mortuary*, 522 F.2d 1110, 1112 (9th Cir. 1975)).

**B. Post-Judgment Leave to Amend Pursuant to FED. R. CIV. P. 15(a)(2) Cannot Be Sought until the Case Is Re-Opened Pursuant to FED. R. CIV. P. 59(e) or 60(b)**

FED. R. CIV. P. 15(a) provides that the right to amend a complaint as a matter of course terminates 21 days after service of a FED. R. CIV. P. 12(b)(6) motion. *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1050 (8th Cir. 2010); *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985); FED. R. CIV. P. 15(a)(1)(A)-(B) ("A party may amend its pleading once as a matter of course within: (A) 21 days of serving it; or (B) . . . 21 days after service of a motion under Rule 12(b) . . . ."). In the Eighth Circuit, the right to amend also terminates upon dismissal. *Dorn*, 767 F.2d at 443. After judgment of dismissal, a complaint may only be amended with leave of court or consent of the other party. FED. R. CIV. P. 15(a)(2).

---

15A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3914.1 p. 29 n. 26 (2d ed. 2011).

- 18 -

Only after a court has re-opened a dismissed case by granting relief under FED. R. CIV. P. 59(e) or 60(b) does a court have power to grant leave to amend – thus, requests for leave to amend post-judgment must be made after or concurrent with a successful FED. R. CIV. P. 59(e) or 60(b) motion.  *See Foman v. Davis* 371 U.S. 178, 180 (1962); s*ee also Quartana*, 789 F.2d at 1299-1300 ("where dismissal orders do not grant leave to amend, [plaintiffs remain free] to seek vacation of the judgment under Rules 59 and 60 of the Federal Rules of Civil Procedure and offer an amended complaint in place of the dismissed complaint."); *Dorn*, 767 F.2d at 443 (where a party filed a post-judgment amended complaint "on the basis of newly discovered evidence," which is one of the grounds for obtaining FED. R. CIV. P. 59(e) relief); *see also Calderon v. Kansas Dept. of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999) ("If a party seeks to amend a pleading following the court's grant of a motion to dismiss, the party must first move to reopen the case under Fed. R. Civ. P. 59(e) or 60(b) and then file a motion under Fed. R. Civ. P. 15 for leave to amend pursuant to the standards set out in Fed. R. Civ. P. 7.") (internal citations omitted); *see also Acevedo-Villalobos*, 22 F.3d at 389 (where the court stated that after the complaint was dismissed without leave to amend, "[u]nless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a)."); *see also* 5 James W. Moore *et al*., Moore's Federal Practice § 41.14 pp. 15-107 (2d ed. 1993) ("[A]fter

- 19 -

a judgment of dismissal plaintiff must move under Rules 59(e) or 60(b) to reopen judgment.").

Generally, the decision to grant or deny leave to amend is left to the broad discretion of the trial court, which is not ordinarily disturbed. *See Bailey v. Bayer Cropscience, L.P.*, 563 F.3d 302, 307 (8th Cir. 2009); *Egerdahl v. Hibbing Comty. Coll.*, 72 F.3d 615, 620 (8th Cir. 1995); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988). "'Although leave to amend a complaint should be granted liberally when the motion is made pretrial, different considerations apply to motions filed after dismissal.'" *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999) (*citing Dorn*, 767 F.2d at 443). "[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009). "[D]istrict courts in this [the Eighth] circuit have considerable discretion to deny a post judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits. . . ." *Id*. at 824; *see also Morrison Enters., L.L.C. v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir. 2011). "The [appellant] must bear the consequences of waiting to address the court's rulings post-judgment." *Briehl*, 172 F.2d at 629 (*citing First Nat'l Bank of Louisville v. Cont'l Ill. Nat'l Bank & Trust Co.*, 933 F.2d 466, 468 (7th Cir. 1991)).

- 20 -

Where justifying reasons exist for denial of leave to amend, leave to amend should be denied.  *See Foman*, 371 U.S. at 182.

A motion for leave to amend may be denied for any justifying reason, including, but not limited to, untimeliness, undue delay, bad faith, dilatory motive, prejudice to the non-moving party, and futility.  *Id.*  ("In the absence of any apparent or declared reason – **such as** undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . .") (emphasis added); *Bailey*, 563 F.3d at 307; *Alt. Fuel Inc. v. Cabanas*, 538 F.3d 969, 974 (8th Cir. 2008).  The Eighth Circuit has also held that a post-judgment motion for leave to amend is also "inappropriate 'if the court has clearly indicated . . . that dismissal of the complaint also constitutes dismissal of the action.'"  *Hawks*, 591 F.3d at 1050 (internal citations omitted); *Dorn*, 767 F.2d at 443.  Leave to amend is further inappropriate where the plaintiff has not indicated how it would make the complaint viable, either by submitting the proposed amendment or indicating somewhere in the pleadings what the amended complaint would contain.  *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (*citing Wolgin v. Simon*, 722 F.2d 389, 394-95 (8th Cir. 1983)); *2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d 878, 884-85 (8th Cir. 2009).  This well-developed requirement

Appellate Case: 12-2578     Page: 29     Date Filed: 08/05/2013 Entry ID: 4061741

in the Eighth Circuit is reflected in the Eastern District of Missouri's Local Rule 7-4.01(A), which requires that, where a motion requires consideration of facts not appearing in the record, the movant must contemporaneously file all documentary evidence relied upon.

Unexcused delay is yet another basis that alone is sufficient to justify denial of a motion to amend the complaint where the motion follows the court's dismissal of the claims sought to be amended. This is particularly applicable when the party had notice of the deficiencies and failed to amend its complaint prior to dismissal. *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011); *see also Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005); *see also Egerdahl*, 72 F.3d at 620 ("A district court may refuse to grant leave to amend if the plaintiff had an earlier opportunity to cure the defect in her complaint but failed to do so."); *see also Nationsmart Corp. Sec. Litig. v. Thaman*, 130 F.3d 309, 314 (8th Cir. 1998) ("While the district court, in its discretion, may still grant leave to amend after it dismisses a complaint, unexcused delay by the plaintiff in seeking to amend is sufficient to justify the court's denial.") (*citing Humphreys v. Roche Biomedical Lab.,* 990 F.2d 1078, 1082 (8th Cir. 1993). After the complaint has been dismissed, leave to amend should be denied in the absence of a compelling reason for failing to amend previously.

- 22 -

*Moses.com Sec. Inc.*, 406 F.3d at 1066; *Crouch v. Honeywell Int'l., Inc.*, 2013 WL 1955681, * 10 (6th Cir. May 14, 2013) (unreported).

A district court is not required to state findings of fact or conclusions of law when ruling on a motion for leave to amend. *See* FED. R. CIV. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 **or**, unless these rules provide otherwise, **on any other motion**.") (emphasis added); *see Thompson-El v. Jones*, 876 F.2d 66, 67 n.3 (8th Cir. 1989) ("The trial court's **failure to articulate its reasons for denying the motion**, contrary to what [appellant] suggests, **is not per se an abuse of discretion**. We reiterate, however, that as a matter of good practice a trial court should provide reasons for the denial of a motion to amend.") (internal citations omitted) (emphasis added). An appellate court may affirm the judgment of a district court on any ground supported by the record, even if that ground was not the basis for the district court ruling. *See Lee v. Kemna*, 534 U.S. 362, 391 (2002); *see also Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922-23 (8th Cir. 2013); *see also United States v. Wintermute*, 443 F.3d 993, 1000 (8th Cir. 2006); *see also Twin City Constr. Co. of Fargo v. Turtle Mountain Band of Chippewa Indians*, 911 F.2d 137, 139 (8th Cir. 1990) (*citing Foman*, 371 U.S. at 182) (where the district court did not explain its reason for denial of leave to amend, the Eighth Circuit looked to the

- 23 -

Appellate Case: 12-2578    Page: 31    Date Filed: 08/05/2013 Entry ID: 4061741

record to discern a basis for denial of leave prior to reversing and remanding to the district court).

## II.  **The District Court's Proper Exercise of Discretion**

### A.  **The District Court's Dismissal Order Was a Final, Appealable Judgment Terminating the Case**

On March 31, 2012, the District Court issued its Order and Dismissal granting the Appellee Museum's Motion to Dismiss. The Order stated that the District Court would, pursuant to FED. R. CIV. P. 58, enter Dismissal separately, and "[o]rdered that Appellee's motion to dismiss the verified complaint is granted." Memorandum Opinion 9, ECF No. 34, JA 83. The operative language of the Dismissal directed "that plaintiff's complaint is dismissed." Order of Dismissal, ECF No. 33, JA 74. Both the Order and the Dismissal were silent as to whether the entire action was dismissed, whether the dismissal was with or without prejudice, and whether the plaintiff had the right to amend. Order of Dismissal, ECF No. 33, JA 74; Memorandum Opinion, ECF No. 34, JA 75-83. As such, and as a matter of law, the Order and Dismissal dismissed the entire action. *See Cunningham*, 527 U.S. at 204; *see also Quartana*, 789 F.3d at 1299-1300.

In its Brief, the Government fails to cite a single authority in urging that the District Court was obligated to "provide guidance" or go beyond what it did in directing the dismissal of the case. *See* Government's Brief, pp. 12, 24. This is very simply because the Order at issue in this case is identical to the order this

- 24 -

Court held was "final and appealable" in *Quartana*. In fact, the *Quartana* Court rejected precisely the arguments the Government makes in this appeal. *Quartana*, 789 F.2d at 1299-1300 (Court rejected argument that no final judgment entered because "the order d[id] not specifically state that it is a final judgment, that her action [was] dismissed, or that she d[id] not have leave to amend her complaint.").

The finality of the District Court's March 31, 2012 Order was further confirmed by the Clerk's entry of a separate Dismissal pursuant to FED. R. CIV. P. 58. *See* Order of Dismissal, ECF 33, JA 74. In *Acevedo-Villalabos v. Hernandez*, which expressly relied on this Court's ruling in *Quartana*, the First Circuit held that an order and separate judgment, like the March 31, 2012 Order and Dismissal in this case, was final and appealable:

> 'The Court therefore ORDERS that defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is hereby GRANTED and that plaintiffs' complaint is hereby DISMISSED.' On the same day, the court entered judgment on a separate document, pursuant to Fed. R. Civ. P. 58 and 79(a), which stated as follows: 'By virtue of the Opinion & Order of the Court, entered on this date, it is hereby ORDERED, ADJUDGED and DECREED that plaintiffs' complaint is DISMISSED.'

*Acevedo-Villalobos*, 22 F.3d at 386; *see also Quartana*, 789 F.2d at 1300 n.2 ("Our conclusion that the February 25 order was final is bolstered by the fact that the order was set forth on a separate document, as Fed. R. Civ. P. 58 requires for final

- 25 -

judgments, and by the fact that Quartana, as evidenced by her motions to vacate and set aside the order, appears to have understood the judgment to be final.").

The District Court's March 31, 2012 Order and Dismissal could not have been clearer, and met or exceeded the requirements for an order dismissing an action. Contrary to the Government's suggestion, the law does not require the District Court to do anything more than it did and the Government's insistence that it was hampered by some perceived ambiguity in the District Court's March 31, 2012 Order and Dismissal is without merit.

### B. The District Court Properly Exercised Its Discretion in Denying Leave to Amend Post-Judgment

#### 1. The Government's Right to Amend Terminated Post-Dismissal, Post-Judgment, and Post-Denial of the Government's Motion To Reconsider

The Government's right to amend its Complaint terminated 21 days after service of the Appellee Museum's Motion to Dismiss pursuant to FED. R. CIV. P. 15(a)(1)(B), and at the latest, terminated upon the District Court's entry of the Dismissal. *Quartana*, 789 F.2d at 1300 n.1 (*citing Dorn*, 767 F.2d at 443). Yet, the Government suggests that the District Court's March 31, 2012 Order and Dismissal were not final and appealable because a motion to dismiss is not a responsive pleading pursuant to FED. R. CIV. P. 15(a)(1)(B), and that a plaintiff still retains the right to amend once as a matter of course under FED. R. CIV. P. 15(a) even after a motion to dismiss is granted. Government's Brief, p. 27. This

- 26 -

proposition is, however, based on an old version of FED. R. CIV. P. 15(a)(1)(B), which was materially amended by Congress in 2009.

The current - and applicable - version of this rule provides that the right to amend once as a matter of course terminates 21 days after service of a motion under FED. R. CIV. P. 12(b). FED. R. CIV. P. 15(a)(1)(B). That is, following Appellee Museum's May 4, 2011 Motion to Dismiss for failure to state a claim, the Government had until May 27, 2011 to file an amended complaint as a matter of right. Instead, it waited until June 8, 2012, some 401 days after Appellee's Motion to Dismiss, to file its Motion for Leave. *See* Motion for Leave to File First Amended Verified Complaint, ECF No. 49, JA 120-149.

The Government cites both *Winfrey v. Brewer* and *Foster v. DeLuca* in support of its position that an Order and Dismissal pursuant to a FED. R. CIV. P. 12(b)(6) motion is not final and appealable. Both cases, however, were decided under the pre-amendment version of FED. R. CIV. P. 15(a)(1)(B). *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Winfrey v. Brewer*, 570 F.2d 761, 764 (8th Cir. 1978). Congress' 2009 amendment to FED. R. CIV. P. 15(a)(1)(B) codified what *Quartana*, *Acevedo-Villalabos*, and *Weisman* had portended. At the very latest, the Government's right to amend expired upon the District Court's March 31, 2012 Order and Dismissal. *Hawks*, 591 F.3d at 1050; *Dorn*, 767 F.2d at 443. Thereafter, the Government's ability to amend its Complaint was left to the

- 27 -

sound discretion of the District Court.  The District Court did not abuse its discretion when it denied the Government's Motion for Leave.

2.     The District Court's June 28, 2013 Order Denying Leave To Amend Was Substantively Sufficient

The District Court was not required to state anything more than it did in its June 28, 2012 Order Denying Leave. FED. R. CIV. P. 52(a)(3) provides, quite simply, that courts are not required to state findings or conclusions when ruling on any motion. FED. R. CIV. P. 52(a)(3).  Yet, contrary to the Government's assertion, the District Court stated its findings and conclusions supporting denial of the Government's Motion for Leave in the Court's Order Denying Leave, as follows:

> On March 31, 2012 the Court entered an Order dismissing the Verified Complaint in the instant matter [ECF No. 33].  After allowing The Government an extension of time to file its Motion for Reconsideration [See ECF No. 36], on May 7, 2012, The Government filed a Motion to Reconsider Order and Opinion Dismissing Verified Complaint [ECF No. 37].  In the motion, The Government requested, in the alternative, that the Court grant The Government an additional seven (7) days to move for leave to file an amended complaint before entry of judgment. (footnote: "The Government did not include a proposed Amended Verified Complaint with its Motion.").  On June 1, 2012, The Court denied the Government's Motion for Reconsideration in its entirety [ECF No. 48].  For the reasons outlined in The Court's March 31, 2012 Order of Dismissal [ECF No. 33], and for the reasons offered in its Order denying reconsideration [ECF No. 37], The Court denies The Government's requested leave raised in its motion submitted on June 8, 2012."

Memorandum Opinion and Order Denying Motion for Leave to File First Amended Verified Complaint, ECF No. 54, JA 161-162.  The Government's

- 28 -

argument that the District Court should have included more detail than it did, when it included far more detail than FED. R. CIV. P. 52(a)(3) requires, is also contrary to the power this Circuit has to affirm the District Court's Order Denying Leave for any ground supported by the record, even if that ground was not the basis for the District Court's ruling. *See Lee v. Kemna*, 534 U.S. at 391; *see also Reuter v. Jax Ltd., Inc.*, 711 F.3d at 922; *see also United States v. Wintermute*, 443 F.3d at 1000; *see also Twin City Constr. Co. of Fargo v. Turtle Mountain Band of Chippewa Indians*, 911 F.2d at 139 (*citing Foman*, 371 U.S. at 182).

Other circuits that disfavor post-judgment amendments, as the Eighth Circuit does, routinely deny post-judgment leave to amend the complaint once a motion for reconsideration of the judgment has been denied. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (11th Cir. 2007) ("The district court declined to address the merits of [appellant's] Rule 15(a) motion to amend his complaint, but this was not error."); *Helm v. Resolution Trust Corp.* 84 F.3d 874, 880 (7th Cir. 1996) (where the district court did not abuse its discretion in summarily denying [appellant's] Rule 15(a) motion" after denying her 60(b) motion); *Crouch*, 2013 WL 1955681 at *10 (unreported) (where the Court affirmed denial of post-judgment leave to amend where "[t]he [district] court declined to reach the merits of the 'critical evidence' [in the amended complaint] because plaintiffs failed to satisfy the threshold requirement of a compelling explanation for not seeking leave to amend

- 29 -

prior to entry of judgment.  In doing so, the court gave controlling weight to the 'interest of protecting the finality of judgments and the expeditious termination of litigation.'") (internal citations omitted); *compare Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378-79 (4th Cir. 2012) ("Rule 15(a) and Rule 59(e) motions rise and fall together. . . .an improper denial of a 15(a) motion is sufficient grounds for reversing the denial of a motion to reconsider."); *Logar v. West Va. Univ. Bd. of Governors*, 493 Fed. Appx. 460, 462-63 (4th Cir. 2012) (In the Fourth Circuit, "a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered.") (internal citation omitted).  It is, in fact, "an appropriate exercise of discretion to deny a motion to alter or amend or for relief from judgment without first looking to the merits of the motion for leave to amend . . . where the relative merits of the Rule 15(a) motion will not affect the judge's decision with regard to the Rule 59(e) or 60(b) motion." *Helm,* 84 F.3d at 879.  "Because a motion to amend following final judgment may only be granted *after* a motion under Rule 59(e) or 60(b) has been granted, it would be a waste of limited judicial resources to require a district judge to first consider the merits of a motion to amend where the motion to alter or amend or from relief from judgment is doomed to denial." *Id.*  (internal citations omitted).

- 30 -

The *Helm* analysis is particularly applicable here, as it recognizes that a grant of a motion pursuant to FED. R. CIV. P. 59(e) or Rule 60(b) is a precondition to a grant of a motion for leave to amend. In cases such as this, where "the relative merits of the Rule 15(a) motion will not affect the judge's decision with regard to the Rule 59(e) or 60(b) motion . . . whether the amended complaint would cure the original defect is irrelevant; [and] the motion to alter or amend [s]hould be denied regardless." *Id*. Thus, the Government's only chance to have the District Court consider its motion for leave to amend was to **prevail** on a FED. R. CIV. P. 59(e) or 60(b) motion. It did not and, therefore, the District Court could not consider the Motion for Leave.

The Government's Brief relies heavily on *Foman v. Davis* in arguing that the District Court's June 28, 2012 Order Denying Leave did not sufficiently state the bases for denying the Government's request for leave to amend. Government's Brief, pp. 30, 34. Yet, *Foman v. Davis*, by its very language, merely requires that there be an "apparent **or** declared reason" for a district court's denial of leave to amend. *Foman*, 371 U.S. at 182 (emphasis added). Contrary to the Government's assertions, the Eighth Circuit has never reversed a denial of leave to amend merely because a district court failed to explain itself. The cases to which the Government cites do not support this conclusion; in all four - *Public Pension, Roberson, Sanders,* and *United Steelworkers of America* - the abuse of discretion was not the

Appellate Case: 12-2578    Page: 39    Date Filed: 08/05/2013 Entry ID: 4061741

court's failure to explain its justification, but the absence of justification itself. *See Pub. Pension Fund Group v. KV Pharm. Co.*, 679 F.3d 972, 987-89 (8th Cir. 2012) (where the court looked to the record prior to reversing the district court's denial of leave to amend); *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 996 (8th Cir. 2001) (same); *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987) (same); *United Steelworkers of Am., AFL-CIO v. Mesker Bros. Indus.*, 457 F.2d 91, 94 (8th Cir. 1972) (same).

While this Court has held a district court's "refus[al] to explain its reason for denying leave to amend under 15(a)" is "suggestive" of abuse of discretion, it has looked to the record to discern the reason for the district court's denial, even in instances where the district court did not itself explain its denial. *Twin City Constr. Co. of Fargo*, 911 F.2d at 139 (*citing Foman*, 371 U.S. at 182); *Briddle v. Scott*, 63 F.3d 364, 381 (5th Cir. 1995) ("There is no requirement that reasons be stated for the denial of a motion for reconsideration under Rule 59(e). . . . Here, . . . valid – indeed compelling – reasons for denying the motion are obvious and apparent on the face of the record."). In fact, this Court has affirmed denial of leave to amend where the reason for denial was undeclared by the district court but apparent on a review of the record. *Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844-45 (8th Cir. 2003). The District Court was not required to state in its Order Denying Leave its analysis for denying the Government's Motion for

Leave, much less undertake any futility analysis. *Reuter*, 711 F.3d at 922-23. First, futility is only one of many justifying reasons upon which this Circuit has denied post-judgment leave to amend. *Foman*, 371 U.S. at 182. Second, the Eighth Circuit case the Government cites for this proposition merely defines what futility means in the context of a motion for leave to amend. *Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007). This case does not require a District Court to perform a futility analysis.

Although the District Court is not required to state the basis for denial of a motion for leave to amend, in this case, the reasons for the District Court's denial are not only apparent from a review of the record, they were specifically incorporated into the District Court's June 28, 2012 Order denying the Government's Motion for Leave. The District Court wrote "[f]or the reasons outlined in The Court's March 31, 2012 Order of Dismissal [ECF No. 33], and for the reasons offered in its Order denying reconsideration [ECF No. 37], The Court denies The Government's requested leave raised in its motion submitted on June 8, 2012 [ECF No. 49]." Memorandum Opinion and Order Denying Motion for Leave to File First Amended Verified Complaint, ECF No. 54, JA 161-162.

a.   The District Court Fully Articulated Its Basis for Denying the Government's Request for Leave to Amend in Its June 28, 2012 Order

The District Court was succinct in its denial of the Government's Motion for Leave because there was nothing more required.  It had already denied the Government's Motion to Reconsider, after which the case remained closed.  The Government's Motion to Reconsider failed in both the clear procedural and substantive requirements set out by the applicable rules and Eighth Circuit case law.  To re-open what is otherwise a closed case, the movant must file a motion pursuant to either FED. R. CIV. P. 59(e) or 60(b), and must accompany the motion with an amended complaint and/or documentary evidence or allegations of new facts that would be included in the amended complaint.  E.D.Mo.L.R. 7 – 4.01(A); *United States ex rel. Raynor v. Nat'l Rural Util. Coop. Fin. Corp.*, 690 F.3d 951, 957 (8th Cir. 2012) (holding that a district court did not abuse its discretion when it denied leave to amend when the plaintiff had not submitted a proposed amended pleading in accordance with a local procedural rule).  Only after a FED. R. CIV. P. 59(e) or 60(b) motion is granted will a movant's amended complaint and/or documentary evidence or allegations of new facts be considered.  *Helm*, 84 F.3d at 879.

Although in its Motion to Reconsider pursuant to FED. R. CIV. P. 59(e) and 60(b)(6), the Government requested time to seek leave to amend its Complaint to

- 34 -

add unspecified facts and alternative theories of liability, it never attached a proposed amended complaint, and it did not offer or even suggest additional documentary evidence or allegations of new facts that it would include in an amended complaint. Rather, it articulated again for the District Court what a light burden it bore ("probable cause 'is greater than mere suspicion but less than prima facie proof'"), repeated its previous argument that it actually had met its burden in insisting that the District Court was mistaken, and urged that, if there were defects, "an amendment could correct many if not all of the perceived defects." Motion for Reconsideration, ECF No. 37, JA 90-93; Memorandum in Support of Motion to Reconsider, ECF No. 38, Appellee SA 1-9-21. Yet, after describing only the *kinds of information* an amended complaint "could" offer, the Government neither offered nor cited any additional evidence, much less any newly discovered evidence, or allegations of unpled facts, and did not attach even a draft amended Complaint.

Upon this deficiency, the District Court denied the Government's Motion to Reconsider in its entirety, noting that "[t]he Government has presented nothing new, nor has it pointed the Court to any severe mistake so as to establish manifest error." Memorandum Opinion and Order Denying Motion to Clarify 2-3, ECF No. 48, JA 117-118. This Order foreclosed the Government's ability to amend its Complaint.

- 35 -

Undaunted, the Government filed a week later its Motion for Leave pursuant to FED. R. CIV. P. 59(e), 60(b)(6), and added a request for relief pursuant to FED. R. CIV. P. 60(b)(1). Motion for Leave to File First Amended Verified Complaint, ECF No. 49, JA 120-149.

In its June 28, 2013 Order Denying Leave (which was effectively the Government's second insufficient request for reconsideration and for leave to amend), the District Court pointedly reminded the Government that it had previously denied reconsideration in its June 1, 2012 Order Denying Reconsideration and that the reasoning of that Order was equally applicable to the denial of its Motion for Leave. Memorandum Opinion and Order Denying Leave to File First Amended Verified Complaint, ECF No. 54, JA 161-162. The District Court went on to point out that the Government did not offer an amended complaint when it filed its Motion to Reconsider, which was a violation of Eastern District Local Rule 7 – 4.01(A), and was alone sufficient ground for denial of the Government's Motion for Reconsideration.

In stark contrast to the minute order at issue in *Foster v. DeLuca*, the District Court specifically reiterated its well-reasoned justifications for denying reconsideration – the Government failed not once, but twice, to offer any newly discovered evidence or manifest error supporting the extraordinary remedy of re-opening a case after final judgment. *See Foster*, 575 F.3d at 583-85. The plain

Appellate Case: 12-2578    Page: 44    Date Filed: 08/05/2013 Entry ID: 4061741

language of the June 28, 2012 Order Denying Leave incorporating the District Court's previous orders was more than sufficient to advise the parties of the reasons for the denial. The District Court was simply not required to do anything more. *See* FED. R. CIV. P. 52(a)(3).

The procedure at the District Court level bears a striking resemblance to *Sigsworth v. City of Aurora, Ill.*, where the Eleventh Circuit upheld the summary denial of a second motion for reconsideration and leave to amend a complaint, stating the following:

> [Appellant] filed another motion, this time asking the district court to reconsider the denial of his first Rule 59(e) motion and to allow him leave to file his proposed second amended complaint. The district court summarily denied this motion without explanation. [Appellant]'s second Rule 59(e) motion suffered from the same deficiency as his first, the failure to establish any errors of law or fact or to put forth newly discovered evidence; therefore, we see no reason to find that the district court abused its discretion in denying it. Turning to [Appellant's] request to amend under Rule 15(a), we note that because there were no grounds to set aside the district court's judgment dismissing [Appellant's] first amended complaint, [Appellant] could not further amend the complaint. The district court declined to address the merits of [Appellant's] Rule 15(a) motion to amend his complaint, but this was not error.

*Sigsworth*, 487 F.3d at 512.

The Government's bare argument that the District Court erred by incorporating the March 31, 2012 Order and Dismissal and the June 1, 2012 Order

- 37 -

Denying Reconsideration by reference should be rejected as but a suggestion, without authority or basis in law or practice.

> b. The Reasons for the District Court's Denial of the Government's Request For Leave To Amend Are Apparent upon Review of the Record

The Government filed its Complaint on March 16, 2011. Appellee Museum filed its Motion to Dismiss on May 4, 2011, not even two months later. The District Court issued its Order and Dismissal on March 31, 2012, after nearly eleven months. The Government filed its Motion to Reconsider on May 7, 2012 and its Motion for Leave on June 8, 2012. This brief procedural history demonstrates that the Government had nearly eleven months of undue delay after it was first advised of the deficiencies in its Complaint until the District Court issued its Order and Dismissal completely foreclosing the Government's right to amend its Complaint.

Furthermore, the District Court was well within its authority to deny the Government's Motion for Leave *solely* on the basis that the Government failed to provide the District Court with a proposed amended complaint, or the detailed facts it would include in such an amended complaint, at an earlier time. *See Pet Quarters, Inc.*, 559 F.3d at 782 (*citing Wolgin*, 722 F.2d at 394-95); *see also 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d at 884-85. This is underscored in a case where the Government had a host of opportunities - here over the course of nearly

- 38 -

a year - to amend between the filing of the Complaint and the District Court's Order and Dismissal. *See Crest Constr. II, Inc. v. Doe*, 660 F.3d at 359; *see also Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d at 1065; *Egerdahl*, 72 F.3d at 620; *Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *but see Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004).

Even after dismissal, the Government did not seek timely leave to amend. Instead, the Government refused to submit its Proposed Amended Complaint until after the District Court denied its Motion to Reconsider. *In re Medtronic, Inc., Sprint Fidelis Leads Prod. Liab. Litig.*, 623 F.3d 1200, 1208 (8th Cir. 2010) ("The untimeliness factor is particularly acute . . . because Plaintiffs did not seek leave to amend until after they failed to persuade the district court to reconsider its dismissal order."). Furthermore, and as the District Court referenced in the Order Denying Leave, both the Government's Motion to Reconsider and its Motion for Leave to Amend were not compliant with Eastern District Local Rule 7-4.01(A) because they failed to file any documentary evidence supporting the amendment, which alone is grounds for denying the Government's Motion to Amend. *Nat'l Rural Util. Coop. Fin., Corp.*, 690 F.3d at 957; *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002).

- 39 -

*Nationsmart Corp. Securities Litigation* is illustrative of the criterion considered and the analysis employed by this Circuit in the face of similar undue delay. In *Nationsmart*, the district court dismissed the plaintiffs' complaint with prejudice and without leave to amend pursuant to FED. R. CIV. P. 12(b)(6) for failure to plead fraud with sufficient particularity. *Nationsmart Corp. Sec. Litig.*, 130 F.3d at 314. After the district court's order, the plaintiffs sought leave to amend. *Id*. The district court rejected the plaintiffs' motion, finding that their "failure to amend the complaint before the Court entered its [dismissal] order constituted undue delay." *Id*. On appeal, the court reasoned that "as early as [the defendants' motions to dismiss], the plaintiffs were on notice that the sufficiency of their pleadings was being attacked by the defendants." *Id*. at 322. This Court also noted that "[o]ver the next [9] months, the plaintiffs made no attempt to remedy the defects in the complaint claimed by the defendants, and made no request of the District Court that they be allowed to amend if the Court granted the defendants' motions to dismiss" prior to the district court's dismissal. *Id.* This approach effectively held the plaintiffs accountable for the deficiencies identified by the defendants in their motion and placed on the plaintiffs the burden of determining whether the deficiencies required remedy. The Court denied the plaintiffs' motion to vacate and for leave to amend, filed two weeks after dismissal, on the basis of undue delay alone. *Id*.

- 40 -

The Eighth Circuit's tolerance of similar delay and lack of diligence was also tested in *Egerdahl v. Hibbing Cmty. Coll.*. There, the plaintiff sought post-judgment leave to amend her complaint to sue defendants in their personal capacities, after having once amended her complaint pre-judgment to dismiss her state law claims and to add a federal law claim. *Egerdahl*, 72 F.3d at 618. The court denied plaintiff's motion to amend post-dismissal, finding that in addition to plaintiff's failure to cure the defect when she had the earlier opportunity to do so, the plaintiff's failure to amend the complaint after having been instructed how to do so in the defendants' motion to dismiss constituted "lack of diligence" and undue delay. *Id.* at 620. The Court held that under these circumstances, the district court did not abuse its discretion by denying plaintiff leave to amend her complaint. *Id.*

Faced with this firmly developed approach to delay and lack of diligence, the Government explains its delay in filing its Motion for Leave by claiming confusion over the finality of the District Court's March 31, 2012 Order and Dismissal. Yet this approach is insufficient as well, for two reasons: first, the Government was on notice of and accountable for the defects identified in the Motion to Dismiss pursuant to *Nationsmart* and *Egerdahl* and, second, the nature of the March 31, 2012 Order - its plain language and the legal effect thereof, and its compliance with Fed. R. Civ. P. 58 and 54 - defeats any claim of confusion.

- 41 -

*Quartana*, 789 F.2d at 1299-1300. In fact, the Government has yet to provide any explanation for the thirteen month delay between the filing of Appellee' Museum's Motion to Dismiss and the Government's post-judgment Motion of Leave, and submission of the Proposed Amended Complaint.

The Government's hollow attempts to distinguish this case from others in which successive requests for leave to amend were sought miss the point. Pursuant to *Foman v. Davis*, undue delay and failure to cure the deficiencies in the complaint with amendments previously allowed by the court are separate and distinct grounds for denying leave to amend. *Foman*, 371 U.S. at 182. Undue delay results from failure to cure the defects in the complaint in a timely manner – whether through failure to amend at all or through an insufficient attempt to amend. In fact, each of the justifications listed in *Foman v. Davis*, are distinct grounds upon any one of which a court may deny leave to amend.

c. The Government's Amended Assertions Remain Insufficient

Despite framing the issue presented as whether the District Court abused its discretion in denying the Government's Motion for Leave, and the resultant narrow confinement to the realm of abuse of discretion, the arguments presented by the Government on appeal do an inviting job of transforming a procedural, rule-driven question into a vigorous attempt to have this Court consider the merits of the claims made in the Government's untimely and failed Proposed Amended

- 42 -

Complaint.  In doing so, the Government patently urges this Court to divert its attention from the issue as stated and to back-handedly make a judgment on the sufficiency of what it says would be the amended claims.  While the District Court was not obligated - and indeed does not have the authority - to consider the merits of the Government's Motion for Leave after properly denying its clearly insufficient Motion to Reconsider (*see Dorn*, 767 F.2d at 443-44 (where the Court did not consider futility, after having determined appellant's post-dismissal motion for leave to amend was properly denied due to the dismissal of the complaint on the merits and the district court not having granted leave to amend)), the essence of the Government's chief argument that leave should have been granted is that its Proposed Amended Complaint would cure all defects.

First, this Court should wholly disregard the issue of whether the amended claims are sufficient under the law.  It is not appropriate for consideration and - even at this late hour - the allegations the Government "would have" or "could have" made remain short of the mark.  The Government is effectively urging this Court to undertake a "futility" analysis, which this Court is not obligated to do.  *See e.g.*, *2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d at 884 ("[W]e need not reach the question of futility here because we can affirm the court's denial of leave to amend on the alternative basis that [appellant] failed to offer a proposed amended complaint to the district court." (*citing K-tel Inc. Sec. Litig.*, 300 F.3d

- 43 -

881, 889 (8th Cir. 2002) ("[W]e may affirm the district court's judgment on any basis supported by the record.") (internal citations omitted). However, while the Appellee Museum should not and will not address all of the factual allegations included in the Government's Brief, some of the factual assertions are both so conjectural and so clearly incorrect that they present a risk that the factual underpinnings of the case will be fundamentally misunderstood.

It is notable that the Government chose not to challenge the District Court's initial determination that the Complaint failed to meet the probable cause standard. Such a concession - that the Complaint was and is insufficient - provides a basis on which to examine what the Government says would have been included in a Proposed Amended Complaint. And a careful, though not thorough, analysis reveals that the allegations are "perfunctory and cosmetic," the facts are still insufficient, and the Government still cannot meet its burden. *See Briehl*, 172 F.3d at 630.

In its Order, the District Court cited five separate deficiencies in the Government's Complaint, stating that the Government's legal conclusion that the Mask had been stolen:

> [M]isses a number of factual and logical steps, namely: (1) an assertion that the Mask was actually stolen; (2) factual circumstances relating to when the Government believes the Mask was stolen and why; (3) facts relating to the location from which the Mask was stolen; (4) facts regarding who the Government believes stole the Mask;

- 44 -

and (5) a statement or identification of the law which the Government believes applies under which the Mask would be considered stolen and/or illegally exported.

Memorandum Opinion 7, ECF No. 34, JA 81.

The Proposed Amended Complaint was attached to the Government's Motion for Leave and heavily incorporated into its Brief. The Proposed Amended Complaint adds little that is substantively new, and nothing that passes the test of sufficiency. It is organized into several sections, each with the same fatal conclusory statements as the grounds for its Tariff Act claim that were previously deemed insufficient by the District Court.

    1.    <u>Paragraphs 1 through 6 of the Proposed Amended Complaint</u>

Paragraphs 1 through 6 of the Government's Proposed Amended Complaint are substantively identical to the allegations contained in the Government's Complaint. Motion for Leave to File First Amended Verified Complaint 1-2, ECF No. 49-1, JA 124-125.

    2.    <u>Paragraphs 7 through 15 of the Proposed Amended Complaint</u>

These Paragraphs discuss the "illicit antiquities market" that purportedly exists - and the practice of "laundering" the provenance of an item - but allege no connection between this information and the Mask at issue. Motion for Leave to File First Amended Verified Complaint 2-3, ECF No. 49-1, JA 125-126. As a

- 45 -

result, these Paragraphs do nothing to address the deficiencies identified by the District Court with respect to whether the Mask was "stolen."

3.     <u>Paragraphs 16 through 25 of the Proposed Amended Complaint</u>

These Paragraphs are substantively identical to Paragraphs 8 through 17 of the Government's Complaint. Motion for Leave to File First Amended Verified Complaint 3-4, ECF No. 49-1, JA 126-127.

4.     <u>Paragraphs 26 and 27 of the Proposed Amended Complaint</u>

Paragraph 26 is identical Paragraph 18 of the Government's Complaint, but adds that "Egypt did not authorize any person to remove the Mask from box number fifty-four at Saqqara during that time period." Motion for Leave to File First Amended Verified Complaint 4, ECF No. 49-1, JA 127. The additional statement does little more than A) assume that there were records to establish a lack of authorization, and B) add a legal conclusion that the Mask was removed without permission. Neither of these are "circumstances relating to when the Government believes the Mask was stolen and why [or] facts relating to the location from which the Mask was stolen[.]" Memorandum Opinion, ECF No. 34, JA 75-83. Paragraph 27, while also new, suffers from the same, albeit more patent, defect: it is simply the Government's legal conclusion that "[t]here is probable cause to believe the Mask was stolen by an unidentified individual . . . between 1966 and 1973. Motion for Leave to File First Amended Verified Complaint 4,

- 46 -

ECF No. 49-1, JA 127. This "new" allegation succinctly crystallizes the reason the District Court rejected the Government's Complaint.

5.     Paragraphs 28 through 44 of the Proposed Amended Complaint

In Paragraphs 28 through 44, the Proposed Amended Complaint provides an interpretation of Egyptian Law No. 215, referencing the "limited exceptions" to national ownership, and adding a host of conclusory statements such as "[a]t no time was the Mask given away or sold by the Republic of Egypt[;]" "[t]he Mask was not sold by any Egyptian museum;" and "none of the exceptions in Article 22 applies to the Mask, and therefore private ownership of the Mask is illegal under Egyptian law." Motion for Leave to File First Amended Verified Complaint 5-6, ECF No. 49-1, JA 128-129.

The Government's interpretation of Law No. 215 and its application to the present case is inaccurate and, worse, absolutely counter to established United States case law. Indeed, Article 5 of Law No. 215 itself specifically provided for the Egyptian government to "exchange moveable antiquities found in duplicate" with museums and private owners, and Article 22 of Law No. 215 recognizes private ownership of antiquities sold or gifted by the Egyptian government, a provision the Government covers with the conclusory statement that "[t]he Mask was not given to the discoverer as partage." Motion for Leave to File First Amended Verified Complaint 6, ECF No. 49-1, JA 129. The fact that, at the time

- 47 -

of Law No. 215, there was no meaningful recordkeeping system is omitted. Nevertheless, the bigger problem with the Government's claims regarding Law No. 215 is *United States v. Schultz*, 333 F.3d 393 (2d Cir. 2003).

The only judicially recognized point at which the Republic of Egypt unequivocally declared ownership of antiquities was the passage of Law No. 117 in 1983. *Schultz*, 333 F.3d at 402. As much as selected provisions of previous statutes can be parsed in ways that make them appear to establish state ownership, the *Schultz* court relied significantly on the position taken by Egyptian officials, "that there was no legal way for a private individual to retain possession of an antiquity discovered after 1983" in recognizing that "Law 117 makes it clear that the Egyptian government claims ownership of all antiquities found in Egypt **after** 1983." *Id.* (emphasis added).

The ambiguity of foreign antiquities statutes is precisely the reason that courts in the United States have required a "clear declaration of ownership" before the exportation of an article may be considered theft. *See Schultz*, 333 F.3d at 400-02; *see also United States v. McClain*, 545 F.2d 988, 1000-01 (5th Cir. 1977). In the case of the Republic of Egypt, the United States has recognized that there was no clear declaration of ownership until 1983, upon the enactment of Law No. 117.

- 48 -

6.     Paragraphs 45 through 52 of the Proposed Amended Complaint

Paragraphs 45 through 52, entitled "The Purchase and Importation of the Mask," restate various provisions from the Appellee Museum's contract for the purchase of the Mask and again make the conclusory statement that "[b]ecause the Mask was stolen, it could not have been lawfully exported from Egypt or lawfully imported into the United States."  Motion for Leave to File First Amended Verified Complaint 6-7, ECF No. 49-1, JA 129-130.  There is nothing in these allegations that addresses the deficiencies the District Court identified in the Government's Complaint.

7.     Paragraphs 53 through 60 of the Proposed Amended Complaint

In these seven Paragraphs, the Government's next section offers a) that the importers of the Mask were convicted of export violations *years after the Mask was imported* and that - presumably because of this - they "knew or were willfully blind to the fact that Egypt was the true owner of the Mask."  Motion for Leave to File First Amended Verified Complaint 7-8, ECF No. 49-1, JA 130-131. (emphasis added).

In raising the subsequent alleged conduct of the owners of the company that sold the Mask to the Appellee Museum, the Government presumably and desperately seeks to defame the parties closest to the Appellee Museum in the chain of purchase, albeit with conduct that has no relation whatsoever to this case

- 49 -

and occurred years after the purchase of the Mask. The Government again offers the most conclusory of statements as to the importers' knowledge and intent. These allegations are irrelevant and lend no support whatsoever to overcome the defects identified by the District Court.

8.   Paragraphs 61 through 86 of the Proposed Amended Complaint

In these Paragraphs, the Government discusses asserted defects with the Appellee Museum's provenance investigation prior to purchasing the Mask, suggesting that it was "pro forma" and incomplete, leading to the conclusion that "at the time it imported the Mask . . . the Museum either knew or was willfully blind to the fact that the Mask had been stolen from Egypt." Motion for Leave to File First Amended Verified Complaint 8-11, ECF No. 49-1, JA 131-134. Again, these statements contain no factual information regarding the alleged theft or stolen nature of the Mask. These conclusory statements are included to undermine the suggestion that the Appellee Museum acted in good faith or was an innocent owner of the Mask. However, such defenses to Tariff Act claims are not available under 19 U.S.C. § 1595a(c)(1)(A), as intent is irrelevant.

To the extent the Appellee Museum's pre-purchase due diligence investigation may be seen as relevant to this appeal, Appellee Museum is compelled to point out the inaccuracy and improper suggestions contained in Paragraph 68 of the Government's Proposed Amended Complaint. In that

- 50 -

Paragraph, the Government states "[h]ad the Museum merely contacted the Supreme Council of Antiquities of the Republic of Egypt and requested information relating to the provenance of the Mask, it would have known that the provenance provided by Phoenix was plainly contradicted by Egypt's records with respect to the origin and disposition of the Mask." In making this allegation, the Government shows a recklessness with what it says are facts but reveal themselves as conclusions based on the most convenient set of "facts" offered by former Egyptian authorities. Notably, the Government does not cite to a single identifiable document in leveling its accusation that the Supreme Council of Antiquities maintained records of state-sanctioned sales and gifts of antiquities under Law No. 215. Indeed, the pre-suit history of this case shows that the Secretary of the Supreme Council of Antiquities himself could not produce documents to support his evolving theory of what happened to the Mask.

Furthermore, the Government's statement in Paragraph 68 ignores and contradicts its own allegations in Paragraphs 76 through 79, where the Government acknowledges that Appellee Museum contacted the Director of the Egyptian museum in order to inquire about the Mask prior to purchase. The Egyptian museum was at the time under the organizational umbrella of the Supreme Council of Antiquities and was the very museum from which the Government now seems to imply the Mask may have been stolen. The Egyptian museum's director

- 51 -

responded to Appellee Museum's inquiry and raised no objection whatsoever to its proposed purchase of the Mask. None of the allegations in Paragraphs 61 through 86 addresses the central deficiencies of the Government's Complaint that were the reasons the District Court dismissed the case. This is but one example of the liberties the Government takes with the statements in its Proposed Amended Complaint.

9.    Paragraphs 87 through 96 of the Proposed Amended Complaint

Finally, in Paragraphs 87 through 96, the Government recounts the refusal by the Appellee Museum to return the Mask upon the bare demands of the Republic of Egypt. Motion for Leave to File First Amended Verified Complaint 11-12, ECF No. 49-1, JA 134-135. None of the Paragraphs provides factual support for the theft of the Mask or identifies the law that establishes the "stolen" nature of the Mask.

As such, the Government's Proposed Amended Complaint was no more sufficient than its initial Complaint in addressing the many deficiencies outlined by the District Court. This is reflected in the language of the District Court's Order Denying Leave as follows: "[f]or the reasons outlined in The Court's March 31, 2012 Order of Dismissal, and for the reasons offered in its Order denying reconsideration, The Court denies The Government's requested leave raised in its motion submitted on June 8, 2012." Memorandum Opinion and Order Denying

- 52 -

Motion for Leave to File First Amended Verified Complaint, ECF No. 54, JA 161-162.

## CONCLUSION

The Government chose to ignore the points set out in Appellee Museum's Motion to Dismiss and insisted on an approach that it undertook at its peril. Rather than acknowledge and correct the deficiencies identified in specific detail by the Appellee Museum, over the course of thirteen months, it continually and persistently rejected even the suggestion that it had failed as a matter of law to sufficiently plead violations of the Tariff Act. The record on appeal and the Eighth Circuit's well-developed and reasonable approach to post-judgment amendment of a complaint provide no basis on which to find the District Court abused its discretion in denying the Government's fatally late and insufficient submission of its Proposed Amended Complaint. Indeed, the same rationale provided little room for any other conclusion by the District Court.

For the foregoing reasons, the judgment of the District Court should be affirmed.

- 53 -

Respectfully submitted,

<u>     /s/ Patrick A. M<sup>c</sup>Inerney    </u>

Patrick A. M<sup>c</sup>Inerney
*(816)460-2467*
*DENTONS US LLP*
*1100 Twentieth Century Tower II*
*4520 Main Street*
*Kansas City, MO 64111*

DAVID A. LINENBROKER
McCLAIN ELIZABETH BRYANT
*HUSCH BLACKWELL LLP*
*190 Carondelet Plaza, Suite 600*
*St. Louis, MO 63105*

- 54 -

## CERTIFICATE OF COMPLIANCE WITH
## FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(7)(B)

I hereby certify that this Brief complies with the requirements of FED. R. APP. P. 32(a)(7)(B), because it has been prepared in a 14-point Times New Roman proportionately spaced font.  I further certify that this Brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because it contains 12,822 words, excluding the parts of the Brief exempted under FED. R. APP. P. 32(a)(7)(B)(iii), according to the count of Microsoft Word.  I further certify that a virus scan was run on this Brief prior to filing and this Brief is virus free.


　　　　　　　　　　　　　　　/s/Patrick A. M<sup>c</sup>Inerney

- 55 -