IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

——————————————

UNITED STATES OF AMERICA,
                              Plaintiff-Appellant,

v.

MASK OF KA-NEFER-NEFER,
                              Defendant-Appellee,

ART MUSEUM SUBDISTRICT OF THE METROPOLITAN ZOOLOGICAL PARK AND
MUSEUM DISTRICT OF THE CITY OF ST. LOUIS AND THE COUNTY OF ST. LOUIS,
                              Claimant-Appellee.

——————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

——————————————

**REPLY BRIEF FOR PLAINTIFF-APPELLANT**

——————————————

STUART F. DELERY
  *Acting Assistant Attorney General*

RICHARD CALLAHAN
  *United States Attorney*

MARK B. STERN
SHARON SWINGLE
  *(202) 353-2689*
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7250*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, D.C.  20530*

# TABLE OF CONTENTS

INTRODUCTION AND SUMMARY OF ARGUMENT .................................. 1

ARGUMENT .................................................................................. 3

    I.    THE DISTRICT COURT ERRED IN ENTERING FINAL JUDGMENT WITHOUT ALLOWING LEAVE TO AMEND AND IN DENYING THE MOTION FOR LEAVE TO AMEND WITHOUT ANY CONSIDERATION OF THE ALLEGATIONS IN THE FIRST AMENDED COMPLAINT ....... 3

    A.    The District Court's Dismissal Order Should Not Be Treated As A Categorical Bar To An Amended Complaint. ...................... 3

    B.    Denial of Leave to Amend Was Not Justified On The Ground Of Futility, And The Museum Does Not Seriously Contend Otherwise. ...................................................................... 199

CONCLUSION ................................................................................ 23

Certificate of Compliance with Federal Rule of Appellate Procedure 32(a)

Certificate of Service

Appellate Case: 12-2578    Page: 2    Date Filed: 08/08/2013 Entry ID: 4063211

# TABLE OF AUTHORITIES

*Pages*

<u>Cases</u>

*Bediako v. Stein Mart, Inc.*, 354 F.3d 835 (8th Cir. 2004) ......................... 16

*Crest Construction II, Inc. v. Doe*, 660 F.3d 346 (8th Cir. 2011) ........ 15, 16

*Crouch v. Honeywell Int'l, Inc.*, No. 12-5775, ___ F.3d ___, 2013 WL 1955681 (6th Cir. May 14, 2013) ...................................................... 16

*Czeremcha v. Int'l Assoc. of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552 (8th Cir. 1984)............................................................. 6

*Dorn v. State Bank of Stella*, 767 F.2d 442 (8th Cir. 1985)......................... 6

*Egerdahl v. Hibbing Community College*, 72 F.3d 615 (8th Cir. 1995) ................................................................................... 16

*First Nat'l Bank v. Continental Illinois Nat'l Bank & Trust Co.*, 933 F.2d 466 (7th Cir. 1991) ............................................................................ 16

*\*Foman v. Davis*, 371 U.S. 178 (1962) ........................................ 2, 4, 5, 9, 10

*Foster v. DeLuca*, 545 F.3d 582 (7th Cir. 2008) ................................... 19, 20

*Hammer v. City of Osage Beach*, 318 F.3d 832 (8th Cir. 2003) ................. 10

*Hannah v. City of Overland*, 795 F.2d 1385 (8th Cir. 1986) ..................... 10

*Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043 (8th Cir. 2010)............. 6

_____

\* Authorities chiefly relied upon are marked with an asterisk

Appellate Case: 12-2578     Page: 3     Date Filed: 08/08/2013 Entry ID: 4063211

*Helm v. Resolution Trust Corp.*, 84 F.3d 874 (7th Cir. 1996) .................. 11

*Lee v. Kemna*, 534 U.S. 362 (2002) .............................................. 18

*Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*,
674 F.3d 369 (4th Cir. 2012).............................................. 12

*In re Medtronic, Inc.*, 623 F.3d 1200 (8th Cir. 2010) ................................ 12

*Morrison Enterprises, LLC v. Dravo Corp.*, 638 F.3d 594
(8th Cir. 2011) .................................................................. 16

*Morse v. McWhorter*, 290 F.3d 795 (6th Cir. 2002).................................. 19

*In re NationsMart Corp. Securities Litig.*, 130 F.3d 309
(8th Cir. 1997) .................................................................. 15

*Paganis v. Blonstein*, 3 F.3d 1067 (7th Cir. 1993)...................................... 12

*Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*,
559 F.3d 772 (8th Cir. 2009)............................................. 17

*\*Public Pension Fund Group v. KV Pharmaceutical Co.*, 679 F.3d 972
(8th Cir. 2012) .............................................................. 2, 6

*\*Quartana v. Utterback*, 789 F.2d 1297 (8th Cir. 1986) ......................... 4, 5

*Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148
(5th Cir. Unit A 1981) ...................................................... 10

*\*Sanders v. Clemco Industries*, 823 F.2d 214 (8th Cir. 1987)............... 6, 14

_____

\* Authorities chiefly relied upon are marked with an asterisk

- iii -

Appellate Case: 12-2578     Page: 4     Date Filed: 08/08/2013 Entry ID: 4063211

*Sigsworth v. City of Aurora,* 487 F.3d 506 (7th Cir. 2007).................. 11, 12

*Thompson-El v. Jones,* 876 F.2d 66 (8th Cir. 1989)................................ 9, 10

*United States ex rel Roop v. Hypoguard USA, Inc.,* 559 F.3d 818
     (8th Cir. 2009) ............................................................................ 7, 15

*United States v. Schultz,* 333 F.3d 393 (2d Cir. 2003)........................ 21, 22

*United Steelworkers of Am., AFL-CIO v. Mesker Bros. Indus., Inc.,*
     457 F.2d 91 (8th Cir. 1972)................................................................. 14

*Wolgin v. Simon,* 722 F.2d 389 (8th Cir. 1983) ........................................ 17

*In re 2007 Novastar Financial Inc., Securities Litig.,* 579 F.3d 878
     (8th Cir. 2009) .................................................................................... 17

Statutes and Rules

National Stolen Property Act, 18 U.S.C. § 2315 ..................................... 22

Fed. R. Civ. P. 12(b)(6) ................................................................................ 3
Fed. R. Civ. P. 15(a) ........................................................................ 6, 11, 12
Fed. R. Civ. P. 15(a)(1) ................................................................................ 5
Fed. R. Civ. P. 54........................................................................................ 4
Fed. R. Civ. P. 59........................................................................................ 4
Fed. R. Civ. P. 59(e) ...................................................... 5, 6, 11, 12, 17
Fed. R. Civ. P. 60........................................................................................ 4
Fed. R. Civ. P. 60(b) ...................................................... 5, 6, 11, 12, 17

E. D. Mo. Local Rule 7-4.01(A) ................................................................ 18

_____
* Authorities chiefly relied upon are marked with an asterisk

<u>Miscellaneous</u>

C. Wright & A. Miller, 5B *Federal Practice and Procedure*
(3d ed. 2004) ........................................................................ 3

---

\* Authorities chiefly relied upon are marked with an asterisk

Appellate Case: 12-2578     Page: 6     Date Filed: 08/08/2013 Entry ID: 4063211

## INTRODUCTION AND SUMMARY OF ARGUMENT

The district court denied the United States' Motion for Leave to File First Amended Verified Complaint "[f]or the reasons outlined in" its previous orders. Addendum 16a. As we demonstrated in our opening brief, the amended complaint directly addressed the deficiencies cited by the district court in its previous orders, and the court committed a clear abuse of discretion in summarily denying the motion.

The Museum makes virtually no attempt to defend the basis of the district court's ruling and, instead, argues at length that the government should have filed its motion earlier. The "delay" cited by the Museum was not the ground of the district court's holding, and there would have been no basis for such a ruling. Within days after the court dismissed the initial complaint, the government advised the court that it would seek leave to file an amended complaint. After a brief delay granted by the district court (without opposition from the Museum), the government promptly notified the district court of additional allegations that could be included in an amended complaint. Just days after the district court denied

reconsideration of the dismissal order, the government proffered an amended complaint and moved for leave to file.

The Supreme Court and this Court have made clear that a post-judgment request for leave to amend a complaint should be "freely given" and have emphasized the federal policy in favor of adjudicating cases on their merits. *See, e.g., Foman v. Davis,* 371 U.S. 178, 182 (1962); *Public Pension Fund Grp. v. KV Pharmaceutical Co.,* 679 F.3d 972, 987 (8th Cir. 2012). Moreover, even assuming for argument's sake that a more exacting standard were applicable, the district court plainly erred in denying the motion to file an amended complaint "for the reasons outlined in" its earlier orders without addressing the substantial new allegations of the proffered amended complaint.

2

# ARGUMENT

## I. THE DISTRICT COURT ERRED IN ENTERING FINAL JUDGMENT WITHOUT ALLOWING LEAVE TO AMEND AND IN DENYING THE MOTION FOR LEAVE TO AMEND WITHOUT ANY CONSIDERATION OF THE ALLEGATIONS IN THE FIRST AMENDED COMPLAINT.

### A. The District Court's Dismissal Order Should Not Be Treated As A Categorical Bar To An Amended Complaint.

1. As discussed in the government's opening brief, district courts do not generally dismiss a case with prejudice at the pleading stage without offering the plaintiff the opportunity to file an amended complaint. *See* Brief for Plaintiff-Appellant 28. "The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading, * * * even where the district court doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading." C. Wright & A. Miller, 5B *Federal Practice and Procedure* § 1357, at 733, 738 (3d ed. 2004); *see also id.* at 738 ("As the numerous case citations in the note below make clear, dismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will

3

give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected."). The Museum does not even attempt to defend the district court's departure from this typical practice, which we argued in the opening brief constituted an abuse of discretion.

The Museum nevertheless argues that, once the district court dismissed the original complaint (in an order that cited neither Rule 59 nor 54), its order was a final judgment and the government's subsequent efforts to file an amended complaint were properly denied.

But the fact that the dismissal order is treated as a final, appealable order should "not deprive [the plaintiff] of anything," since the plaintiff "remain[s] free where dismissal orders do not grant leave to amend to seek vacation of the judgment under Rules 59 and 60 of the Federal Rules of Civil Procedure and offer an amended complaint in place of the dismissed complaint." *Quartana v. Utterback,* 789 F.2d 1297, 1300 (8th Cir. 1986). It is in precisely this context that the Supreme Court emphasized in *Foman* that leave to amend a complaint, sought in a post-judgment motion under Rule

4

59(e) or Rule 60(b), should "be freely given." 371 U.S. at 179-182; *see also*

*Quartana*, 789 F.2d at 1300 n.3 (emphasizing that leave to amend post-

judgment should be "granted liberally").[1]

The Museum argues that, if a party fails to amend its complaint prior

to dismissal, "leave to amend should be denied in the absence of a

compelling reason for failing to amend previously." Appellee Br. 20-21.

The argument is flatly inconsistent with governing precedent, which makes

clear that the mere fact that a plaintiff does not amend its complaint while a

motion to dismiss is pending is *not* sufficient grounds for denying a

subsequent request for leave to amend. *See Foman*, 371 U.S. at 182 (holding

that post-judgment motion for leave to amend should be denied only for

reasons "such as undue delay, bad faith or dilatory motive on the part of

the movant, repeated failure to cure deficiencies by amendments

---

[1] Contrary to the Museum's assertion (at Appellee Br. 24-25), the government does not claim it was entitled to amend its complaint as of right. The government's opening brief acknowledged that Fed. R. Civ. P. 15(a)(1) permits amendment as of right only until 21 days after the filing of a motion to dismiss, but argued that the district court should have permitted amendment before entering final judgment. Brief for Plaintiff-Appellant 28.

5

Appellate Case: 12-2578    Page: 11    Date Filed: 08/08/2013 Entry ID: 4063211

previously allowed, undue prejudice to the opposing party * * *, [or] futility"); *Public Pension Fund Grp.*, 679 F.3d at 987-90; *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987).

The Museum's argument that post-judgment motions for leave to amend generally should be denied is based on a misreading of a sentence in *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985), also quoted in *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1050 (8th Cir. 2010). Appellee Br. 19-20. The quoted sentence merely recognizes that the plaintiff's automatic right to amend its complaint under a prior version of Federal Rule of Civil Procedure 15(a) terminated upon entry of judgment, after which a plaintiff would need to seek leave to amend by filing a motion under Federal Rule of Civil Procedure 59(e) or 60(b). *See Dorn*, 767 F.2d at 443-44; *see also Czeremcha v. Int'l Assoc. of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1555-56 (8th Cir. 1984) (cited and quoted in *Dorn*). Notably, in both *Dorn* and *Hawks*, this Court affirmed the denial of leave to amend only after evaluating the substantiality of the allegations in the amended complaint and the length of post-judgment delay in

6

seeking leave to amend. Under the Museum's reading of the cases, that analysis would have been wholly unnecessary.

Certainly, when a plaintiff seeks leave to amend its complaint after final judgment is entered, any legitimate finality interests of the defendant can be considered in determining whether undue delay justifies the denial of leave to amend. *See United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009). But the district court's denial was not based on any conclusion that the government had engaged in undue delay in seeking leave to amend. As we explain below, this Court should decline to affirm the denial of leave to amend on the basis of undue delay, given that the district court did not find such delay. In any event, any claim of prejudicial delay is wholly unsupported by the record.

**2.** The Museum advances contradictory positions. The Museum first asserts that the district court orders were clear on their face. Yet rather than base its argument on any reasons given by the district court, the Museum advances positions never adopted by the district court and unsupported by the record. Relying on the principle that an appellate

7

court may affirm the judgment of a district court on any ground supported by the record, the Museum urges affirmance of the district court's orders on the basis that the government engaged in unreasonable delay before seeking leave to amend. Appellee Br. 37-39. That argument ignores the district court's own orders and the holdings of the Supreme Court and this Court.

As we explained in the opening brief, the only rationale given by the district court for denying the government leave to amend was the purported legal inadequacy of the government's initial complaint. The order denying leave to amend stated that the denial was for "the reasons outlined in The Court's March 31, 2012 Order of Dismissal" and "the reasons offered in its Order denying reconsideration." Add. 16A. The district court's order of dismissal was based on the legal insufficiency of the allegations in the initial complaint. The district court order denying reconsideration defended the analysis in the district court's dismissal order and reasoned that "[t]he Government has presented nothing new, nor has

8

it pointed the Court to any severe mistake so as to establish manifest error." Add. 12A-13A.

The proffered amended complaint, however, contained extensive additional allegations that responded directly to the perceived inadequacies of the original complaint. The district court's orders did not address these allegations in any way, nor indicate whether the district court thought the proffered amended complaint was legally sufficient. As the Supreme Court emphasized in *Foman,* a district court's "outright refusal" to grant a post-judgment motion for leave to amend "without any justifying reason appearing for the denial" is reversible error. 371 U.S. at 182.

The Museum argues that, under *Thompson-El v. Jones,* 876 F.2d 66 (8th Cir. 1989), the district court's failure to explain its refusal to permit the government to amend its complaint is not *per se* an abuse of discretion. As this Court emphasized in *Thompson-El,* however, "as a matter of good practice a trial court should provide reasons for the denial of a motion to amend," and the district court's failure to do so will require reversal unless

9

"good reason to deny the motion" is apparent from the "circumstances surrounding the denial" and the trial court record. *Id.* at 67 & n.3; *see also Foman*, 371 U.S. at 182 (district court's refusal to permit amendment "without any justifying reason appearing for the denial" is abuse of discretion); *Rhodes v. Amarillo Hosp. Dist.,* 654 F.2d 1148, 1153-54 (5th Cir. Unit A 1981) (cited in *Thompson-El*) (criticizing district court's denial of leave to amend without explanation but affirming where record discloses "ample and obvious grounds for denying leave to amend").

Here, no obvious reason for denying leave to amend is apparent from the circumstances or the district court record. *Compare Hannah v. City of Overland*, 795 F.2d 1385, 1392-93 (8th Cir. 1986) (affirming denial of leave to amend, which was sought less than three weeks before trial was scheduled to begin and long after the deadline in the scheduling order, and would likely have required additional discovery and a new trial date); *Hammer v. City of Osage Beach*, 318 F.3d 832, 844-45 (8th Cir. 2003) (affirming denial of leave to file second amended complaint, which involved an entirely new

10

theory of liability, after discovery had closed and the defendant had moved for summary judgment).

The Museum also suggests that, because the request for leave to amend was made in tandem with a motion under Rule 59(e) and/or Rule 60(b), it was appropriate for the district court to deny the request for leave to amend without considering its merits. Appellee Br. 28. In the two Seventh Circuit decisions that the Museum relies on in making this argument, however, leave to amend would have been futile, *see Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007), or was otherwise unjustified, *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 877-80 (7th Cir. 1996) (request to amend sought to advance entirely new jurisdictional basis for suit, where party had previously decided to rely on separate jurisdictional provision despite notice of its potential defect). Even in the Seventh Circuit, when a plaintiff simultaneously moves to reopen a judgment under Rule 59(e) or 60(b) and seeks leave to amend a complaint under Rule 15(a), the district court generally "will have to examine the merits of a motion for leave to amend before it can decide whether or not to grant the party's Rule

11

59(e) or 60(b) motion." *Paganis v. Blonstein*, 3 F.3d 1067, 1073 & n.7 (7th Cir. 1993); *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378-79 (4th Cir. 2012) ("Rule 15(a) and Rule 59(e) motions rise and fall together," and in order "to evaluate whether the motion to reconsider should have been granted, we must determine whether the denial of the motion for leave to amend was proper"). The district court failed to do so here.[2]

Accordingly, the appropriate course is to reverse and remand the case with instructions to permit amendment, *not* to search out some alternate ground that had no bearing on the district court's denial of leave to amend.

---

[2] The Museum also suggests that summary denial of leave to amend was appropriate because the district court had previously denied reconsideration of its dismissal order. Appellee Br. 32-34, 37. The fact the district court declined to reconsider its initial dismissal order provides no basis on which to refuse to consider the subsequent motion for leave to amend. In both cases relied on by the Museum in making this argument, the court of appeals concluded that amendment would be futile before affirming the denial of leave to amend. *Sigsworth*, 487 F.3d at 512; *In re Medtronic, Inc.*, 623 F.3d 1200, 1208 (8th Cir. 2010).

12

**3.** Should this Court reach the question, it should reject the Museum's argument that the government engaged in undue delay in seeking leave to amend its complaint. The posture of this case is not meaningfully different than if the district court had followed the normal practice and, after holding that the allegations in the original complaint failed to state a claim, allowed the government an opportunity to amend. The government notified the district court and the Museum that the government would seek leave to amend its original complaint within a matter of days after the dismissal order (and at a time when one of the two attorneys on the case had recently departed on maternity leave and the other was in the midst of a multi-week trial, D. Ct. Dkt. 35, at 2 & n.2). *See* JA 85-86. While its motion for reconsideration was pending, the government repeatedly detailed additional allegations that would be included in an amended complaint. *See* JA 95-96, 98, 110-11. And within a week of the denial of reconsideration, the government proffered an amended complaint containing substantial new allegations to respond to the deficiencies identified by the district court. *See* JA 120-149.

13

As this Court held in *Sanders v. Clemco Industries*, 823 F.2d 214 (8th Cir. 1987), "delay alone" in seeking leave to file an amended complaint after entry of judgment "is not reason in and of itself to deny leave to amend." *Id.* at 217. Instead, "[t]he delay must have resulted in unfair prejudice to the party opposing amendment." *Id.* (emphasizing that burden to establish prejudice is on the party opposing amendment); *see also, e.g, United Steelworkers of America, AFL-CIO v. Mesker Bros. Indus., Inc.,* 457 F.2d 91, 93-94 (8th Cir. 1972).

Here, any minimal delay in detailing additional allegations in an amended complaint caused the defendant no harm. With the exception of very limited discovery relating to the Museum's standing, the defendant has not had to respond to any discovery requests based on the original complaint. Neither summary judgment nor trial preparation moved forward during the pendency of the motion to dismiss, so the Museum cannot claim it has relied on the original complaint to its detriment. Nor has the Museum identified any other harm it has experienced as a result of the purported delay.

14

The Museum cites a number of cases affirming the denial of leave to amend, but those cases involve lengthy and unjustifiable delay or clear prejudice to the defendant, and are clearly distinguishable. Here, the government's request to amend its complaint did not violate any explicit time limit on the filing of an amended complaint set by the district court. *Cf. In re NationsMart Corp. Securities Litig.*, 130 F.3d 309, 322 (8th Cir. 1997) (denying motion for leave to amend filed months after final deadline for amendment set in district court's scheduling order), *cert. denied*, 524 U.S. 927 (1998); *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (denying request to amend filed months after deadline for amended pleadings, which had previously been extended three times, and after admonition that no further extensions would be granted absent extraordinary circumstances).

The government has not previously been given an opportunity to amend its complaint to remedy deficiencies identified by the district court, yet failed to do so. *Cf. United States ex rel. Roop,* 559 F.3d at 822-823, 824;

15

*Egerdahl v. Hibbing Community College*, 72 F.3d 615, 620 (8th Cir. 1995); *Crest Const. II*, 660 F.3d at 359.

Nor have the parties engaged in summary judgment briefing or preparation for trial. *Cf. First Nat'l Bank v. Continental Illinois Nat'l Bank & Trust Co.*, 933 F.2d 466, 468-69 (7th Cir. 1991) (district court did not abuse its discretion in denying leave to amend following grant of summary judgment); *Morrison Enterprises, LLC v. Dravo Corp.*, 638 F.3d 594, 610-11 (8th Cir.) (no abuse of discretion in denying leave to amend after grant of summary judgment and shortly before trial), *cert. denied*, 132 S. Ct. 244 (2011); *Crouch v. Honeywell Int'l, Inc.*, No. 12-5775, ___ F.3d ___, 2013 WL 1955681, *10-*11 (6th Cir. May 14, 2013) (no abuse of discretion to deny leave to amend sought only after two summary judgment rulings); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840-41 (8th Cir. 2004) (leave to amend to add new claim denied after close of discovery and summary judgment motion).

And the government clearly indicated what new allegations would be added to an amended complaint to respond to the inadequacies found

Appellate Case: 12-2578    Page: 22    Date Filed: 08/08/2013 Entry ID: 4063211

by the district court. *See* Joint Appendix (JA) 120-149 (attaching amended complaint); c*f. Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (no abuse of discretion to deny leave to amend complaint where plaintiff never "submitted a proposed amended complaint or clarified what one might have contained"); *Wolgin v. Simon*, 722 F.2d 389, 394-95 (8th Cir. 1983) (no abuse of discretion to deny leave to amend where the plaintiff never "indicated, even during the course of this appeal, what the proposed amendment would have been"); *In re 2007 Novastar Financial Inc., Securities Litig.*, 579 F.3d 878, 884-85 (8th Cir. 2009) (no abuse of discretion to deny leave to amend where plaintiff never submitted a proposed amended complaint to the district court and did not file a Fed. R. Civ. P. 59(e) or 60(b) motion seeking leave to file an amended complaint).

It is particularly anomalous for the Museum to fault the government for failing to amend its complaint at an earlier stage of the proceedings, because the dismissal order was predicated in part on the government's failure to allege "facts related to some predicate offense, presumably a law

17

with some 'nexus' to international commerce from which the Title 19

customs regulations arises."  Addendum 6A.  That argument was not made

in the Museum's motion to dismiss and relies on a Second Circuit decision

that post-dates that motion.  The government should be given a reasonable

opportunity to respond to an error not even identified prior to dismissal.[3]

---

[3] The Museum also makes a somewhat puzzling argument that leave to amend was properly denied because the government failed to comply with the Eastern District of Missouri's Local Rule 7-4.01(A).  Appellee Br. 20, 37.  The rule's requirement to file "all documentary evidence relied upon" applies only where a filing "requires consideration of facts not appearing in the record" -- which obviously is not the case where a party simply seeks to add allegations to a complaint.  In addition, when the government moved for leave to amend its complaint, it attached a proffered complaint.  The Museum seems to be arguing that, when the government initially moved for reconsideration and clarification and explained that the district court should not treat its dismissal order as a dismissal with prejudice because the government wished to amend its complaint, it had an obligation *at that time* to seek leave to amend and to attach the proffered complaint.  Nothing in the local rule imposes such an obligation, nor did the district court rely on the rule in rejecting the government's later motion to amend.  *See Lee v. Kemna*, 534 U.S. 362, 365-66 (2002) (rejecting argument that the trial court's refusal to grant continuance could be upheld on the basis that the movant failed to comply with local rule not mentioned by the trial court).

18

**B.** **DENIAL OF LEAVE TO AMEND WAS NOT JUSTIFIED ON THE GROUND OF FUTILITY, AND THE MUSEUM DOES NOT SERIOUSLY CONTEND OTHERWISE.**

The Museum does not seriously defend the district court's denial of leave to amend on the ground that the proffered amended complaint was legally insufficient. To the contrary, the Museum urges this Court to "wholly disregard the issue of whether the amended claims are sufficient under the law." Appellee Br. 41. Accordingly, the Court should decline to consider whether amendment would be futile.

Nor must the Court find that the amended complaint *is* legally sufficient in order to conclude that the district court's order is an abuse of discretion. Appellate courts routinely reverse district court orders denying leave to amend where the proposed amended complaint addresses apparent deficiencies, without conducting a full-blown analysis of the complaint's legal sufficiency. *E.g., Morse v. McWhorter,* 290 F.3d 795, 799-801 (6th Cir. 2002) (reversing district court's denial of leave to amend where proposed amended complaint "does not appear facially meritless," but declining to rule on the sufficiency of the complaint); *Foster v. DeLuca,*

19

545 F.3d 582, 584-85 & n.1 (7th Cir. 2008) (similar). Notably, in order to evaluate whether the proposed amendment would be futile, this Court would be required to evaluate the sufficiency of the new allegations without the benefit of full briefing on appeal or the district court's views on the question, which was not even briefed in the district court. *Cf.* JA 150-154.

As we showed in our opening brief, the government's amended complaint contains substantial additional allegations that respond to the pleading deficiencies identified in the district court's dismissal order. Those allegations include facts supporting the inference that the Mask of Ka-Nefer-Nefer was stolen from the Government of Egypt, including that the Government of Egypt did not itself transfer or sell the Mask and that it did not grant the necessary licenses for the Mask to be lawfully exported from Egypt under an Egyptian law dating back to 1951. The amended complaint alleges that the Mask was sold by the Aboutaams, who have been convicted of illegally smuggling Egyptian artifacts and who prepared a false provenance for the Mask to try to hide the fact that it had been

20

stolen from the Government of Egypt and illegally exported from that country.

The Museum addresses these new allegations only in passing, and its cursory efforts to diminish their significance are unpersuasive. The Museum argues that the allegations about the Aboutaam's criminal convictions and their fabrication of a provenance for the Mask have "no relation whatsoever to this case." Appellee Br. 46. But that information supports an inference that the Aboutaams unlawfully exported the Mask from Egypt and sought to disguise that fact, which is highly relevant to the forfeiture claim. *Cf. United States v. Schultz,* 333 F.3d 393, 412 (2d Cir. 2003) (relying on fact that criminal defendant sought to invent provenance for antiquities and that his business partners were convicted of smuggling other antiquities as demonstrating culpable state of mind).

The Museum also argues that the Government's interpretation of Egyptian law is incorrect, citing *Shultz* in support. In *Shultz,* the Second Circuit upheld a criminal conviction for conspiring to receive stolen Egyptian antiquities transported in interstate and foreign commerce, where

21

the underlying substantive offence was a violation of the National Stolen

Property Act, 18 U.S.C. § 2315 -- one of the same statutes cited in the

proffered amended complaint. The court of appeals in *Schultz* concluded

that the Egyptian antiquities the defendant conspired to receive were

"stolen" under a 1983 Egyptian patrimony law that made all antiquities

discovered after its enactment the property of Egypt. 333 F.3d at 399-407.

The Second Circuit's decision provides absolutely no support for the

Museum's contention that the Mask could not have been the property of

Egypt under pre-1983 law, which the Second Circuit did not analyze or

consider.[4] The case should be remanded, so that the district court can

analyze the legal sufficiency of these extensive new allegations in the first

instance.

---

[4] The Museum also challenges the government's failure to provide
documentary evidence to support its factual allegations, *e.g.*, Appellee Br.
48, but the government's allegations must be taken as true at this stage of
the proceedings.

22

## CONCLUSION

For the foregoing reasons, the case should be remanded with

instructions to permit the filing of the government's amended complaint.

Respectfully submitted,

STUART F. DELERY
  *Acting Assistant Attorney General*

RICHARD CALLAHAN
  *United States Attorney*

MARK B. STERN

 /s/ Sharon Swingle

SHARON SWINGLE
  *(202) 353-2689*
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7250*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, D.C.  20530*

AUGUST 2013

## CERTIFICATE OF COMPLIANCE WITH
## FEDERAL RULE OF APPELLATE PROCEDURE 32(A)

I hereby certify that this brief complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Palatino Linotype, a proportionally spaced font.

I further certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 4,234 words, excluding the parts of the brief exempted under Rule 32(a)(7)(B)(iii), according to the count of Microsoft Word.

 /s/ Sharon Swingle
SHARON SWINGLE

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2013, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

The brief has been scanned for viruses and is virus-free.

/s/ Sharon Swingle
SHARON SWINGLE
